■ MARK WARD, Respondent, v URBAN HORIZONS II HOUSING DEVELOPMENT FUND CORPORATION et al., Appellants. [9 NYS3d 31]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered July 2, 2014, in favor of plaintiff on the issue of liability on his Labor Law § 240 (1) claim, pursuant an order, same court and Justice, entered June 19, 2014, which, inter alia, granted plaintiff's motion for summary judgment on the issue of liability on the section 240 (1) cause of action, unanimously affirmed, on the law, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff commenced this lawsuit seeking to recover for personal injuries sustained on July 2, 2008, while installing lighting in a new apartment building under construction at 1330 Intervale Avenue in the Bronx. Plaintiff, standing atop an A-frame ladder, was attempting to drill a hole through an I-beam in preparation for the installation of exterior lighting. The work required the use of two hands, so plaintiff did not have a hand available to hold onto the ladder. Plaintiff testified that as he was drilling, the bit became stuck. Plaintiff lost control of the drill, causing him to fall backward off the ladder and onto the floor. It is undisputed that no equipment was provided to plaintiff to guard against the risk of falling from the ladder while operating the drill, and that plaintiff's coworker was not stabilizing the ladder at the time of the fall.

Plaintiff's testimony that he fell from the ladder while performing drilling work established prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) claim (see Ross v 1510 Assoc. LLC, 106 AD3d 471 [1st Dept 2013]; McCarthy v Turner Constr., Inc., 52 AD3d 333 [1st Dept 2008]).

In response, defendants failed to raise a triable issue of fact

concerning the manner in which the accident occurred or whether the A-frame ladder provided adequate protection (*see Raynor v Quality Plaza Realty, LLC* (84 AD3d 774 [2d Dept 2011] [plaintiff entitled to summary judgment on liability where he fell 17-20 feet from an unsecured extension ladder while installing light fixtures]).

The coworker's testimony that he heard neither plaintiff nor the drill fall to the floor does not raise a triable issue of fact. Plaintiff's coworker admittedly did not witness the fall from the ladder. At the time the accident occurred, he testified that he was looking at "girls . . . outside the window." He did not dispute that plaintiff was standing on the ladder, was using a drill, and that the sound of the drill suddenly stopped. He also testified that when he turned around, he observed plaintiff on the floor with the drill at a distance from him. Defendants' arguments concerning the inferences a jury could draw from the coworker's testimony constitute nothing more than impermissible speculation insufficient to defeat summary judgment. There is nothing in the record to indicate that the accident happened other than as testified to by plaintiff, making this case distinguishable from those relied on by defendants (*see e.g. Ellerbe v Port Auth. of N.Y. & N.J.*, 91 AD3d 441 [1st Dept 2012] [plaintiff reported that he fell because he "lost his footing"]; *Macchia v Nastasi White, Inc.*, 26 AD3d 225 [1st Dept 2006] [foreman testified that the plaintiff was not working on the date of the accident and that his work, washing furniture with a rag, did not involve the use of a ladder]). Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.