Lozada v St. Patrick's R C Church (2019 NY Slip Op 05971)





Lozada v St. Patrick's R C Church


2019 NY Slip Op 05971


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-05703
 (Index No. 515233/15)

[*1]Edwin Lozada, appellant, 
v
St. Patrick's R C Church, respondent.


Zaremba Brown, PLLC (John D. Zaremba and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellant.
Patrick F. Adams, P.C., Great River, NY (Joseph M. Nador of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated May 17, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
In 2015, the plaintiff was preparing cables and wires for the installation of a video surveillance system at a school owned by the defendant, St. Patrick's R C Church (hereinafter the Church). At the time of the accident, the plaintiff was "running wires in the drop ceiling." The plaintiff alleges that the ladder on which he was standing was unsecured, and when he reached to grab the wires to pull them down from the ceiling, the ladder shifted, which caused him to lose his footing. He alleges that he grabbed onto a hole in the wall and stabilized the ladder, but sustained severe injuries to his back in the process.
The plaintiff commenced this action against the Church, alleging, inter alia, a violation of Labor Law § 240(1). The plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. The Supreme Court denied the plaintiff's motion, finding that there were triable issues of fact as to whether the ladder was secured and whether the plaintiff was the sole proximate cause of his injuries. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Loretta v Split Dev. Corp., 168 AD3d 823, 824 [internal quotation marks omitted]; see Jones v City of New York, 166 AD3d 739, 740; Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813, 814). "In order to obtain summary judgment on the issue of liability on a Labor Law § 240(1) cause of action, a plaintiff is required to demonstrate, prima facie, that there was a violation of the statute and that the violation was a proximate cause of his or her injuries" (Jones v City of New York, 166 AD3d at 740; see Loretta v Split Dev. Corp., 168 AD3d at 824; Yao Zong Wu v Zhen Jia Yang, 161 AD3d at 814). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)" (Loretta v Split Dev. Corp., 168 AD3d at 824 [internal quotation marks omitted]; see Rapalo v MJRB Kings Highway Realty, LLC, 163 AD3d 1023, 1024). "The mere fact that a plaintiff fell from a [*2]ladder does not, in and of itself, establish that proper protection was not provided, and whether a particular safety device provided proper protection is generally a question of fact for a jury" (Yao Zong Wu v Zhen Jia Yang, 161 AD3d at 814; see Loretta v Split Dev. Corp., 168 AD3d at 824; Karwowski v Grolier Club of City of N.Y., 144 AD3d 865, 866).
Here, the plaintiff failed to establish, prima facie, that there was a violation of Labor Law § 240(1), or that the plaintiff's actions were not the sole proximate cause of his injuries (see Jones v City of New York, 166 AD3d at 740-741; Yao Zong Wu v Zhen Jia Yang, 161 AD3d at 814). In support of his motion, the plaintiff submitted, among other things, a transcript of his deposition testimony and a transcript of a workers' compensation board hearing, which included the testimony of the plaintiff and his coworker. The plaintiff testified at his deposition and at the hearing that the ladder shifted, causing him to lose his footing, and that nobody was holding the ladder at the time of the accident. His coworker gave a different account. The coworker testified that he was standing at the bottom of the ladder, holding it, when he felt the ladder jolt. Whether the ladder was being stabilized at the time of the accident presents a triable issue of fact (cf. Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 434; Ward v Urban Horizons II Hous. Dev. Fund Corp., 128 AD3d 434, 434). Accordingly, "the plaintiff's own submissions demonstrated that there are triable issues of fact as to how this accident occurred and it cannot be concluded, as a matter of law, that the alleged failure to provide the plaintiff with proper protection proximately caused his injuries" (Yao Zong Wu v Zhen Jia Yang, 161 AD3d at 814-815; see Jones v City of New York, 166 AD3d at 741). Since the plaintiff failed to establish his prima facie entitlement to judgement as a matter of law on his Labor Law § 240(1) cause of action, we need not consider the sufficiency of the Church's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) cause of action.
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court