Diming Wu v 34 17th St. Project LLC (2021 NY Slip Op 06934)





Diming Wu v 34 17th St. Project LLC


2021 NY Slip Op 06934


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 152861/16 595445/16 Appeal No. 14815 Case No. 2020-03334 

[*1]Diming Wu et al., Plaintiffs-Respondents,
v
34 17th Street Project LLC, et al., Defendants-Appellants, 17th Street Manager LLC, Defendant. [And a Third-Party Action] 


Fuchs Rosenzweig PLLC, New York (Cheryl Fuchs of counsel), for appellants.
Dansker & Aspromonte Associates, New York (Douglas Hoffer of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered June 16, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for summary judgment on liability on their Labor Law § 240(1) claim, and denied the motion by defendants 34 17th Street Project LLC and New Empire Builder Corp. for summary judgment dismissing the Labor Law § 240(1) claim, the Labor Law § 241(6) claim, and the claim for past and future lost wages, unanimously affirmed, without costs.
The injured plaintiff (plaintiff) was standing on an A-frame ladder, sealing a hole in the fourth floor ceiling of a building under renovation. As he was drilling in a screw to secure a metal piece into the ceiling, which was approximately nine feet high, he fell off the ladder and into an opening for a garbage chute down to the basement, where he fell onto rebar and was injured.
Plaintiff's testimony is sufficient to establish plaintiffs' entitlement to summary judgment on the Labor Law § 240(1) claim. Whether the ladder moved or whether the plaintiff's fall was caused by drill vibrations is immaterial, as the A-frame ladder was an inadequate safety device for the work plaintiff was performing (see Nieto v CLDN NY, LLC, 170 AD3d 431, 432 [1st Dept 2019]; Ward v Urban Horizons, 128 AD3d 434, 434-435 [1st Dept 2015]).
Defendants also failed to raise a triable issue of fact as to sole proximate causation. Even accepting as true that the hole to be sealed was two feet away from the chute opening, plaintiff's placement of the ladder directly adjacent to the garbage chute opening at most establishes comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Caceres v Standard Realty Assocs., Inc., 131 AD3d 433, 434 [1st Dept 2015], lv dismissed 26 NY3d 1021 [2015]). Furthermore, it is undisputed that no safety equipment was provided to protect plaintiff against the risk of falling off the ladder or into the garbage chute opening (see White v 31-10 Steinway, LLC, 165 AD3d 449, 451 [1st Dept 2018]).
In light of the grant of summary judgment to plaintiff on his Labor Law § 240(1) claim, the issue of Labor Law § 241(6) is academic.
The motion court properly denied defendants' motion to dismiss the claim for past and future lost wages and to preclude plaintiffs from presenting evidence on those claims at trial, since defendants failed to establish that plaintiff would be unable to prove lost earnings with reasonable certainty (see Proulx v. Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493 [2d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021