(June 23, 2016)

■ NICHOLAS HILL, Appellant, v CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v C&C MEATS CORP., Third-Party Defendant-Respondent. [35 NYS3d 307]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered February 23, 2015, which denied plaintiff's motion for summary judgment as to liability on his Labor Law §§ 240 (1) and 241 (6) claims, unanimously modified, on the law, to grant the motion for summary judgment as to the Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff sustained serious injuries when he fell from a ladder while working at the Hunts Point Market in the Bronx. The premises were owned by defendant City of New York, with defendant C&C Meats Corp. as the tenant-in-possession of the accident site. At the time of the accident, plaintiff, an HVAC mechanic employed by Hunts Point Cooperative Market, was installing pipes for an overhead refrigerator unit on C&C Meats's premises, when the ladder he was using wobbled, causing him to fall. Plaintiff typically used forklifts and scissor lifts during the actual mounting of the refrigeration unit in the ceiling. In contrast, plaintiff used ladders to install the new units' pipes.

On the day of the accident, plaintiff did not have any harness equipment. After ensuring that the ladder was steady, he ascended to the sixth rung and started to tighten pipe fittings. His coworker did not steady the ladder for him, and eventually left the room to retrieve a pipe fitting. As plaintiff continued to work, "the ladder wobbled. I lost my balance. The wrench slipped and I fell backward." According to plaintiff, the pipe wrench did not slip before the wobbling started.

After falling to the ground, plaintiff saw that the ladder was missing two of its four rubber foot pads, a condition he had not previously noticed, which he assumed caused it to wobble.

Ernesto Conde, C&C Meats's owner, testified that plaintiff's accident was recorded by the surveillance video system installed on the premises. Based on the video footage, Conde described the accident as follows:

"Standing on the ladder, what I saw was the—from the distance, from waist down I saw the ladder go right and then come left and that's when I saw him. As if he fell from that

height and bounced on the ground, that's what I remember seeing.

"He wobbled this way to the right; it went to the right which is correct and then went to the left, that's when it went too far and he tumbled."

Conde was unable to ascertain exactly what caused the ladder to move. Plaintiff instantly fell to the floor on his back after the ladder wobbled. Conde admitted that C&C Meats had not provided plaintiff with any safety devices.

Labor Law § 240 (1) places a nondelegable duty on owners, contractors, and their agents to furnish safety devices giving construction workers adequate protection from elevation-related risks. As relevant, the statute provides: "All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders . . . and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

"Liability under Labor Law § 240 (1) depends on whether the injured worker's 'task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against' " (*Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 139 [2011]). "[T]he single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Under this section of the Labor Law, a plaintiff's comparative fault is not a defense (*Romanczuk v Metropolitan Ins. & Annuity Co.*, 72 AD3d 592, 593 [1st Dept 2010]). "Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that [the] failure to properly secure a ladder, to ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 174 [1st Dept 2004]).

At both his deposition and General Municipal Law § 50-h hearing, plaintiff consistently testified that he fell from the sixth rung of an eight-foot ladder after the ladder unexpectedly wobbled. Conde corroborated plaintiff's account by testifying, "I saw the ladder go right and then come left and that's when I saw [plaintiff fall] . . . He wobbled this way to the right; [the ladder] went to the right . . . and then to the left, that's when it went too far and [plaintiff] tumbled."

Plaintiff's affidavit in support of his motion for summary judgment did not contradict these earlier statements. In the affidavit plaintiff averred that, as he was working on the piping atop the ladder, he "lost [his] balance and fell off the ladder to the ground below." The fact that he did not mention the ladder wobbling is of no moment. Taken together, all of his and Conde's statements, including Conde's account of the videotape footage, which he viewed twice, support plaintiff's position that he fell because the ladder wobbled. Plaintiff did not offer a different reason for falling. Nor did the unsigned Workers' Compensation Form C-2 report prepared by plaintiff's employer, which stated that plaintiff "was tightening a plumbing fitting when the wrench he was using slipped, he lost his balance and fell off of an 8 ft ladder," contradict plaintiff's statement that the ladder wobbled, causing him to drop his wrench.

In any event, it is irrelevant whether he fell because the ladder wobbled or because he dropped his wrench. "[I]t is clear that the ladder did not prevent plaintiff from falling and there is no dispute that no safety devices, other than the ladder, were provided" (*Yu Xiu Deng v A.J. Contr. Co.*, 255 AD2d 202, 202-203 [1st Dept 1998]).

Defendants' argument that plaintiff was required to demonstrate that the ladder was defective in order to satisfy his burden as to the Labor Law § 240 (1) claim is without merit. "It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]; *see also Estrella v GIT Indus., Inc.*, 105 AD3d 555 [1st Dept 2013]; *McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [1st Dept 2008]).

Inasmuch as there is no evidence that plaintiff was a recalcitrant worker or that he was not engaged in covered activity, it is sufficient for his Labor Law § 240 (1) claim that his injuries were the direct consequence of using a ladder that did not provide adequate protection (*Runner v New York Stock Exch.*, 13 NY3d at 603; *see also Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003], citing *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001] ["Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240 (1). *Rather, liability is contingent upon the existence of a hazard contemplated in section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein*" (emphasis added)]).

The motion court correctly denied plaintiff's Labor Law § 241 (6) claim, predicated on an alleged violation of the Industrial Code (*see* 12 NYCRR 23-1.21 [b] [3] [i], [iv]), since there are issues of fact as to which ladder was used by plaintiff on the day of the accident and whether it was missing rubber feet (*see Juchniewicz v Merex Food Corp.*, 46 AD3d 623, 625 [2d Dept 2007]; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851-852 [2d Dept 2006], *lv dismissed* 8 NY3d 841 [2007]). Concur—Sweeny, J.P., Acosta, Manzanet-Daniels, Gische and Gesmer, JJ.