■ Marc Messina, Appellant-Respondent, v City of New York et al., Respondents-Appellants. [49 NYS3d 408]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 27, 2016, insofar as it denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim, and denied defendants' cross motion for summary judgment dismissing the Labor Law § 240 (1) claim, unanimously

modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs. The appeal from said order, to the extent it denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.21 (b) (4) (iv), unanimously dismissed, without costs, as academic.

Plaintiff established his entitlement to partial summary judgment on the Labor Law § 240 (1) claim through his testimony that he was injured when the A-frame ladder on which he was standing moved underneath him as he applied pressure to it while trying to remove part of the drop ceiling he was demolishing (*see Hill v City of New York*, 140 AD3d 568, 570 [1st Dept 2016]; *Ausby v 365 W. End LLC*, 135 AD3d 481 [1st Dept 2016]). Plaintiff was not required to show that the ladder was defective or that he actually fell off the ladder to satisfy his prima facie burden (*see Hill*, 140 AD3d at 570; *Reavely v Yonkers Raceway Programs, Inc.*, 88 AD3d 561, 565 [1st Dept 2011]).

Defendants failed to raise a triable issue of fact whether plaintiff was the sole proximate cause of the accident. There is no testimony in the record as to whether there were other readily available, adequate safety devices at the accident site that plaintiff declined to use (*see Gove v Pavarini McGovern, LLC*, 110 AD3d 601 [1st Dept 2013]). Moreover, the evidence establishes that the ladder twisted underneath plaintiff because it was unsecured, not because he misused it, and that defendants provided no other safety devices for his use. At most, plaintiff's application of pressure to the ladder while engaged in the work he was directed to do, which caused it to twist, was comparative negligence, no defense to a section 240 (1) claim (*Hill*, 140 AD3d at 570; *Noor v City of New York*, 130 AD3d 536, 541-542 [1st Dept 2015], *lv dismissed* 27 NY3d 975 [2016]). "Regardless of the method employed by plaintiff to remove [the drop ceiling], the ladder provided to him was not an adequate safety device for the task he was performing" (*Carino v Webster Place Assoc., LP*, 45 AD3d 351, 352 [1st Dept 2007]).

In view of the foregoing, the Labor Law § 241 (6) claim is academic (*see Howard v Turner Constr. Co.*, 134 AD3d 523 [1st Dept 2015]). Concur—Sweeny, J.P., Renwick, Mazzarelli and Manzanet-Daniels, JJ.