MASSO KEBE, Respondent, v GREENPOINT-GOLDMAN CORP. et al., Appellants, et al., Defendants. [54 NYS3d 387]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered August 18, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim as against defendants Greenpoint-Goldman Corp., Greenpoint Goldman SM LLC, GFI Development Company, LLC, Atara Vanderbilt, LLC and Triton Construction Company, LLC, unanimously affirmed, without costs.

As the Court of Appeals recently reiterated in *O'Brien v Port Auth. of N.Y. & N.J.* (29 NY3d 27, 33 [Mar. 30, 2017]), "[T]he fact that a worker falls at a construction site, in itself, does not establish a violation of Labor Law § 240 (1)." "Rather, liability is contingent upon the existence of a hazard contemplated in

section 240 (1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). However, "[i]n cases involving ladders or scaffolds that collapse or malfunction for no apparent reason," the Court of Appeals has applied "a presumption that the ladder or scaffolding device was not good enough to afford proper protection" (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 289 n 8 [2003])—a presumption that the *O'Brien* Court recognized but found inapplicable to the facts before it, which involved a fall from an exterior stairway.

Here, plaintiff established prima facie that Labor Law § 240 (1) was violated through his testimony that the ladder from which he fell wobbled during its use (*see e.g. Hill v City of New York*, 140 AD3d 568 [1st Dept 2016]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [1st Dept 2004]; *Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc.*, 118 AD3d 524 [1st Dept 2014]), that two of the ladder's rubber feet were missing (*see Orphanoudakis v Dormitory Auth. of State of N.Y.*, 40 AD3d 502 [1st Dept 2007]), and that the ladder spun and fell over (*see Blake*, 1 NY3d at 289 n 8).

In opposition, defendants failed to raise triable issues of fact as to whether the ladder provided proper protection. The testimony of a superintendent that he saw the ladder standing when he arrived at the scene one-half to one hour after plaintiff's fall is insufficient to raise an issue of fact. In the absence of any evidence that the ladder was not moved or repositioned after plaintiff fell, it would be speculative to infer from the superintendent's testimony that the ladder did not fall over. Furthermore, the superintendent's testimony does not negate plaintiff's testimony that the ladder began to spin, causing him to fall. While a coworker submitted an affidavit disputing whether the ladder lacked its rubber feet, he did not address the happening of the accident in any way and did not deny that the ladder began to spin. Furthermore, unlike *O'Brien*, this case does not present a battle of the experts. Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.