Rom v Eurostruct, Inc. (2018 NY Slip Op 01262)





Rom v Eurostruct, Inc.


2018 NY Slip Op 01262


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5798 300960/15

[*1]Bradford Rom, Plaintiff-Respondent,
v
Eurostruct, Inc., et al., Defendants-Appellants.


Mauro Lilling Naparty, LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 16, 2016, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established his entitlement to partial summary judgment on the Labor Law § 240(1) claim through his testimony that he was caused to fall to the ground when the unsecured ladder on which he was standing suddenly shifted and kicked out from underneath him (see Faver v Midtown Trackage Venture, LLC, 150 AD3d 580 [1st Dept 2017]; Kebe v Greenpoint-Goldman Corp., 150 AD3d 453 [1st Dept 2017]).
Defendants' opposition failed to raise a triable issue of fact. None of coworkers who provided affidavits actually witnessed plaintiff fall from the ladder, and they did not contradict his testimony that the ladder suddenly moved. Although defendants also submitted an unsworn accident report containing a statement from a coworker that plaintiff lost his balance and fell, this did not contradict plaintiff's consistent testimony that he fell because the ladder suddenly moved (see Hill v City of New York, 140 AD3d 568, 570 [1st Dept 2016]). Furthermore, defendants' reliance on O'Brien v Port Auth. of N.Y. & N.J. (29 NY3d 27 [2017]) is misplaced because that case, which found an issue of fact about whether a slippery exterior staircase provided adequate protection to the plaintiff, left intact the presumption that Labor Law § 240(1) is violated where, as here, a ladder collapses or malfunctions for no apparent reason (see id. at 33; Kebe, 150 AD3d at 454).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK