Plywacz v 85 Broad St. LLC (2018 NY Slip Op 01883)





Plywacz v 85 Broad St. LLC


2018 NY Slip Op 01883


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


6043 158748/12

[*1]Arkadiusz Plywacz, et al., Plaintiffs-Respondents,
v
85 Broad Street LLC, et al., Defendants-Appellants.


Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for appellants.
Jaroslawicz & Jaros PLLC, New York (Norman Frowley of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered January 20, 2017, which granted plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross motion granted to the extent of dismissing the Labor Law §§ 200, 241(6) and common-law negligence claims, and otherwise affirmed, without costs.
Partial summary judgment on the issue of liability on the Labor Law § 240(1) claim was properly granted in this action where plaintiff Arkadiusz Plywacz was injured when he fell from an unsecured ladder while installing steel wall panels in the lobby of a building (see Hill v City of New York, 140 AD3d 568, 570 [1st Dept 2016]). "It is well settled that failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240(1)" (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381, 381 [1st Dept 1996]). It is irrelevant whether plaintiff initially lost his balance before or after the ladder wobbled because it is uncontested that the precipitating cause of both was that the suction cup that he had affixed to the panel and gripped to pull the panel into place came loose (see Messina v City of New York, 148 AD3d 493, 494 [1st Dept 2017]). Under either scenario, the ladder failed to remain steady under plaintiff's weight as he performed his work. Furthermore, even if plaintiff gripped the suction cup incorrectly, causing it to come loose, any such misuse of the suction cup was not the sole proximate cause of the accident where the unsecured ladder moved (id. at 494).
We modify to the extent indicated as plaintiffs do not contest that the Labor Law §§ 200, 241(6) and common-law negligence claims should have been dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK