Jarzabek v Schafer Mews Hous. Dev. Fund Corp. (2018 NY Slip Op 02295)





Jarzabek v Schafer Mews Hous. Dev. Fund Corp.


2018 NY Slip Op 02295


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6170 151035/12 590342/12 590274/13 590569/13

[*1]Wojciech Jarzabek, Plaintiff-Respondent,
v
Schafer Mews Housing Development Fund Corporation, et al., Defendants-Appellants, Lantern Organization, Inc., et al., Defendants.
Mega Contracting, Inc., Third-Party Plaintiff,
v
Demand Electric, Inc., Third-Party Defendant.
Mega Contracting Group, LLC improperly sued herein as Mega Contracting Inc., et al., Second Third-Party Plaintiffs-Appellants,
v
Rocky's Contracting, Inc., Second Third-Party Defendant-Respondent.
Mega Contracting Group, LLC improperly sued herein as Mega Contracting Inc., et al., Third Third-Party Plaintiffs-Respondents,
v
Demand Electric, Inc., Third Third-Party Defendant-Appellant.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York (Marcia K. Raicus of counsel), for Schafer Mews Housing Development Fund Corporation and Mega Contracting Inc., appellants/respondents.
Malapero & Prisco, LLP, New York (Carol R. Finocchio of counsel), for Demand Electric, Inc., appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Wojciech Jarzabek, respondent.
Weiner, Millo, Morgan & Bonanno, LLC, New York (Kristy D'Ambrosio of counsel), for Rocky's Contracting, Inc., respondent.

[*2]

Order, Supreme Court, New York County (Debra A. James, J.), entered July 21, 2017, which, insofar as appealed from, granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, granted that part of defendants Mega Contracting Group LLC and Schafer Mews Housing Development Fund Corporation's (Owner Defendants) motion for summary judgment on their contractual indemnification claim against third third-party defendant Demand Electric Inc. (Demand) and denied the motion to the extent it sought summary judgment on the claims for common-law and contractual indemnification against second third-party defendant Rocky's Contracting Inc. (Rocky's), and granted Rocky's motion for summary judgment dismissing all claims, cross claims and counterclaims as against it, unanimously modified, on the law, Rocky's motion for summary judgment denied, and otherwise affirmed, without costs.
Plaintiff electrician was injured when he fell from a makeshift wooden ladder while negotiating the distance between the first-floor slab of the building under construction and the ground about five feet below, as he was helping unload a delivery of supplies that was being unloaded from the truck on ground level and placed on the slab. Although plaintiff had been provided an A-frame ladder that morning which was in the basement of the building, the parties cite no evidence contradicting plaintiff's testimony that he could not use it to access the slab because the ground was covered in dirt, debris, and rocks.
Plaintiff's decision to use the makeshift ladder that his coworkers were also allegedly using was not the sole proximate cause of the accident where he was never instructed not to use it (see Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 403 [1st Dept 2013]; Conklin v Triborough Bridge & Tunnel Auth., 49 AD3d 320 [1st Dept 2008]). Moreover, where no proper safety device was provided, the fact that his boots may have been untied or that he may have been descending the makeshift ladder backwards was not the sole proximate cause of his accident (see Messina v City of New York, 148 AD3d 493, 494 [1st Dept 2017]).
Plaintiff's accident arose from the means and methods of accessing the slab (see Lombardi v Stout, 80 NY2d 290, 294-295 [1992]). Since there is no dispute that plaintiff was supervised and directed solely by his employer, Demand, which provided him with materials and equipment, the Owner Defendants were not negligent in the happening of the accident (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]), and thus, the motion court correctly granted summary judgment on their claim against Demand for contractual indemnification. However, because issues of fact exist regarding whether Rocky's fabricated or was otherwise responsible for the makeshift ladder, the court erred in granting its motion seeking dismissal of all claims as against it.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK