Tuzzolino v Consolidated Edison Co. of N.Y. (2018 NY Slip Op 02755)





Tuzzolino v Consolidated Edison Co. of N.Y.


2018 NY Slip Op 02755


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


6360 156755/13

[*1]Michael Tuzzolino, Plaintiff-Respondent-Appellant,
v
Consolidated Edison Company of New York, Defendant-Appellant-Respondent.


Amabile & Erman, P.C., Staten Island (Nicholas J. Loiacono of counsel), for appellant-respondent.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 27, 2017, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment as to liability on the Labor Law § 240(1) claim, and denied defendant's motion for summary judgment dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii), unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff established prima facie a violation of Labor Law § 240(1) through his testimony that he was caused to fall when the unsecured ladder on which he was standing suddenly slipped out from under him (see Faver v Midtown Trackage Ventures, LLC, 150 AD3d 580 [1st Dept 2017]; see also Kebe v Greenpoint-Goldman Corp., 150 AD3d 453 [1st Dept 2017]).
In opposition, defendant failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of the accident. There is no evidence in the record that there were other readily available safety devices that would have been adequate for plaintiff's work (see Messina v City of New York, 148 AD3d 493 [1st Dept 2017]). In addition, defendant's expert's opinion that the accident was caused by plaintiff's misuse of the ladder was entirely speculative, since it was based on his visit to the accident site almost two years after the accident occurred (see Serrano v TED Gen. Contr., 157 AD3d 474 [1st Dept 2018]; Strojek v 33 E. 70th St. Corp., 128 AD3d 490 [1st Dept 2015]).
Defendant also failed to show that plaintiff disregarded specific instructions not to use the ladder or do the work he was performing at the time of the accident (see Dwyer v Central Park Studios, Inc., 98 AD3d 882, 884 [1st Dept 2012]). Plaintiff's coworker's deposition testimony establishes that plaintiff was not given any such instructions before he ascended the ladder. The coworker's subsequent affidavit, which conflicts with his deposition testimony on this issue, creates only a feigned issue of fact (see Saavedra v 89 AD3d Park Ave. LLC, 143 AD3d 615 [1st Dept 2016]; Madtes v Bovis Lend Lease LMB, Inc., 54 AD3d 630 [1st Dept 2008]).
Summary dismissal of the Labor Law § 241(6) claim predicated on an alleged violation of Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii) is precluded by an issue of fact as to whether [*2]the accident was caused by a wet condition of the floor at the time that the ladder slipped out from underneath plaintiff (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK