Nieto v CLDN NY LLC (2019 NY Slip Op 01537)





Nieto v CLDN NY LLC


2019 NY Slip Op 01537


Decided on March 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8597 159273/16

[*1]Frank Nieto, Plaintiff-Appellant-Respondent,
v
CLDN NY LLC, Defendant.
CLDN NY LLC, Third-Party Plaintiff-Respondent-Appellant,
v
ECG Retail Logistics, LLC, Third-Party Defendant-Respondent-Appellant.


Golomb & Longo, PLLC, New York (Frank A. Longo of counsel), for appellant-respondent.
McAndrew, Conboy, & Prisco, LLP, Melville (Michael J. Prisco of counsel), for CLDN NY LLC, respondent-appellant.
Marshall Conway & Bradley, P.C., New York (Lauren R. Turkel of counsel), for ECG Retail Logistics, LLC, respondent-appellant.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 23, 2018, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, and denied the cross motions of defendant CLDN NY LLC (CLDN) and of third-party defendant ECG Retail Logistics, LLC (ECG) for summary judgment dismissing the § 240(1) cause of action, unanimously modified, on the law, to grant plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff, who fell from a ladder while installing light fixtures in CLDN's building, was forced to install a portion of the light by standing on display cases approximately 20 feet high, and then returning to the top of the ladder to finish that portion of the installation, which was located partially over the cases. While attempting to maneuver himself into position on the ladder, he lost his balance and fell. Whether the ladder shook prior to his fall or during that period in time when he was attempting to recover his balance is of no moment, since the ladder was an inadequate safety device for the work being performed (see Caceres v Standard Realty Assoc., Inc., 131 AD3d 433 [1st Dept 2015], appeal dismissed 26 NY3d 1021 [2015]; Keenan v Simon Prop. Group, Inc., 106 AD3d 586, 589 [1st Dept 2013]). The claim of CLDN and ECG that plaintiff was the sole proximate cause of his accident is unpersuasive, since plaintiff's stance was necessary to perform the work (see Messina v City of New York, 148 AD3d 493 [1st Dept 2017]; Cuentas v Sephora USA, Inc., 102 AD3d 504 [1st Dept 2013]). It also does not avail defendants that the ladder was not defective, since it is undisputed that the ladder was unsecured, and the worker who had been holding the ladder walked away only minutes before the accident (see Howard v Turner Constr. Co., 134 AD3d 523 [1st Dept 2015]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2019
CLERK