Rivera-Astudillo v Garden of Prayer Church of God in Christ, Inc. (2019 NY Slip Op 07033)





Rivera-Astudillo v Garden of Prayer Church of God in Christ, Inc.


2019 NY Slip Op 07033


Decided on October 1, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2019

Friedman, J.P., Tom, Webber, Gesmer, Oing, JJ.


9974 301326/15

[*1]Jose Rivera-Astudillo, Plaintiff-Appellant-Respondent,
v
The Garden of Prayer Church of God in Christ, Inc., Defendant-Respondent-Appellant, Belfor Property Restoration, Defendant-Respondent. 
[And a Third-Party Action]


Thomas Torto, New York (Jason Levine of counsel), for appellant-respondent.
Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for respondent-appellant.
Pillinger Miller Tarallo, LLP, Garden City (Neil Sambursky of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered on or about January 3, 2019, which, to the extent appealed from, as limited by the briefs, denied plaintiff's motion seeking partial summary judgment on his cause of action pursuant to Labor Law § 240(1), and denied the motions of defendant The Garden of Prayer Church of God in Christ, Inc. (Church of God) for summary judgment dismissing plaintiff's Labor Law § 240(1) claim and for summary judgment on its common law indemnity claim against Belfor Property Restoration (Belfor), unanimously modified, on the law, to grant plaintiff partial summary judgment on his Labor Law § 240(1) claim, and grant Church of God summary judgment on its common law indemnity claim, and otherwise affirmed, without costs.
Plaintiff's testimony that the ladder wobbled, flipped, and flopped, causing him to fall, sets forth a prima facie violation of Labor Law § 240(1) (see Cutaia v Board of Mgrs. of the Varick St. Condominium, 172 AD3d 424 [1st Dept 2019]; Plywacz v 85 Broad St. LLC, 159 AD3d 543 [1st Dept 2018]; Kebe v Greenpoint-Goldman Corp., 150 AD3d 453, 454 [1st Dept 2017]; Goreczny v 16 Ct. St. Owner LLC, 110 AD3d 465 [1st Dept 2013]). Defendants failed to adduce any evidence rebutting plaintiff's showing, making summary judgment appropriate.
Plaintiff testified that he was using a Belfor ladder at the time of his fall. Belfor's deponent, who had no knowledge of the accident, conceded that Belfor had ladders on site, and could not say whether plaintiff's employer, the subcontractor who furnished labor for the cleaning and debris removal portion of the project, also brought ladders. There were no other subcontractors on site. Belfor's deponent also testified that Belfor had a site supervisor, the only Belfor employee on site that day, and that he would have been "in the thick of it," and not performing paperwork or similar administrative tasks. Plaintiff, who wore a Belfor uniform at Belfor's behest, testified that Belfor employees were "the bosses," ordering him around. This evidence, taken together, is sufficient to establish that Church of God made a prima facie showing of entitlement to common law indemnity (see generally McCarthy v Turner Constr., Inc., 17 NY3d 369, 378 [2011]). In opposition, Belfor did not adduce any evidence to rebut that showing. Notably, the daily paperwork generated by Belfor is not in the record, nor is there any [*2]testimony or affidavit from the Belfor site supervisor who was present that day. Thus, summary judgment in favor of Church of God on its claim against Belfor is warranted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 1, 2019
CLERK