Sinchi v HWA 1290 III LLC (2020 NY Slip Op 03176)





Sinchi v HWA 1290 III LLC


2020 NY Slip Op 03176


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11589 155217/15

[*1] Miguel Sinchi, Plaintiff-Respondent,
v
HWA 1290 III LLC, et al., Defendants-Appellants.


Wood Smith Henning & Berman, LLP, New York (Kevin T. Fitzpatrick of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered April 23, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, denied defendants' cross motion for summary judgment dismissing the Labor Law § 200 claim, and purportedly granted plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-3.3(b)(1), unanimously modified, on the facts, to clarify that the part of plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 241(6) claim predicated on Industrial Code § 23-3.3(b)(1) was denied and the claim was dismissed, and otherwise affirmed, without costs.
Supreme Court properly granted plaintiff's motion for summary judgment on his Labor Law § 240(1) claim arising from the collapse of a ceiling that was not braced or shored during demolition operations. Regardless of whether the entire ceiling or only a portion of it collapsed, it was not the intended target of demolition at the time of the accident (see Ragubir v Gibraltar Mgt. Co, Inc., 146 AD3d 563, 564 [1st Dept 2017]). At the time of the accident, upon his supervisor's instruction, plaintiff had descended from the ladder upon which he was working and walked under the ceiling that collapsed in order to inspect or remove a sprinkler head. Plaintiff's supervisor acknowledged the ceiling would not have collapsed on plaintiff had he remained on the ladder. Moreover, because no safety devices were provided to brace or shore the ceiling, the fact that plaintiff may have pulled on it with a hook while inspecting or attempting to remove the sprinkler head at most amounts to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Messina v City of New York, 148 AD3d 493, 494 [1st Dept 2017]).
Defendants failed to establish prima facie entitlement to dismissal of the Labor Law § 200 claim. Their arguments on appeal regarding the claim are unpreserved and beyond this Court's consideration (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]).
We modify to the extent indicated so as to clarify that plaintiff's Labor Law § 241(6) claim insofar as predicated on Industrial Code § 23-3.3(b)(1) was actually dismissed by Supreme Court, as plaintiff acknowledges.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK