Cabrera v 65 Park W. Realty, LLC (2020 NY Slip Op 06702)





Cabrera v 65 Park W. Realty, LLC


2020 NY Slip Op 06702


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, González, JJ. 


Index No. 25367/2017E Appeal No. 12388 Case No. 2020-01693 

[*1]Isrrael Rosas Cabrera, Plaintiff-Appellant,
v
65 Park West Realty, LLC, et al., Defendants-Respondents.


A. Ali Yusaf, Richmond Hill (Stephen A. Skor of counsel), for appellant.
Mauro Lilling Naparty, LLP, Woodbury (Seth M. Weinberg of counsel), for respondents.



Order, Supreme Court, Bronx County (Ruben Franco, J.), entered August 23, 2019, which denied plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff's testimony that the unsecured ladder slipped out from under him established prima facie his entitlement to summary judgment on the Labor Law § 240(1) claim (Tuzzolino v Consolidated Edison Co. of N.Y., Inc., 160 AD3d 568 [1st Dept 2018]; Plywacz v 85 Broad St. LLC, 159 AD3d 543, 544 [1st Dept 2018]), and defendants failed to raise an issue of fact in opposition. Their contention that an issue of fact exists as to whether the ladder was appropriate to perform the work is unavailing. Plaintiff was not required to show that the ladder was defective (Messina v City of New York, 148 AD3d 493 [1st Dept 2017]).
Defendants failed to raise an issue of fact as to whether the ladder fell at all or plaintiff simply lost his footing or his balance. The evidence is uncontroverted that the ladder tipped over and paint splattered on the floor, and that the building superintendent had cleaned the boiler room since the accident happened. Defendants' expert's conclusion that he would have observed paint on the floor two years later had the ladder fallen is mere speculation.
Defendants' contention that an issue of fact exists as to whether plaintiff was acting outside the scope of his work by painting the ceiling is improperly raised for the first time on appeal (see Pratt v Jimenez, 139 AD3d 446, 447 [1st Dept 2016]). In any event, it is unavailing. Plaintiff and his coworker both testified that the building superintendent's husband, who hired them, instructed plaintiff to paint the ceiling. While the building superintendent testified that "there was just three of the walls of the boiler room that I wanted to do. Not the ceiling," she had no personal knowledge of the instructions that her husband gave plaintiff and his coworker.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020