Millligan v Tutor Perini Corp. (2021 NY Slip Op 00630)





Millligan v Tutor Perini Corp.


2021 NY Slip Op 00630


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 162126/14 Appeal No. 13036 Case No. 2020-03341 

[*1]George Millligan, Plaintiff-Appellant,
v
Tutor Perini Corporation et al., Defendants-Respondents. [And a Third-Party Action]


The Feld Law Firm P.C., Harrison (David L. Feld of counsel), for appellant.
Lawrence, Worden, Rainis & Bard, P.C., Melville (Michael E. Shay of counsel), for respondents.



Order, Supreme Court, New York County (Debra A. James, J.), entered May 14, 2020, which, to the extent appealed from, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and plaintiff's motion granted.
Plaintiff testified that he was injured when he fell while using a wet and slippery wooden ladder provided by defendants for him to move between the tenth and eleventh floors of the construction site to perform his work. This testimony established prima facie that plaintiff's work exposed him to an elevation-related risk against which defendants failed to provide him with proper protection, as required by Labor Law § 240(1) (see e.g. Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574 [1st Dept 2019]). It is clear that the ladder was not adequate to prevent plaintiff from falling and there is no dispute that other than the ladder, no additional safety devices were provided (see Hill v City of New York, 140 AD3d 568 [1st Dept 2016]). Plaintiff was not required to show that the ladder was inherently defective (see McCarthy v Turner Constr., Inc., 52 AD3d 333 [1st Dept 2008]).
In opposition, defendants failed to raise a triable issue of fact. Although plaintiff was the only witness to his accident, nothing in the record controverts his account of the accident or calls his credibility into question (see Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021