**Lopalo v NYU Langone Med. Ctr.**

2024 NY Slip Op 31962(U)

June 7, 2024

Supreme Court, New York County

Docket Number: Index No. 151524/2017

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 02M

------------------------------------------------------------------------------X

JOSEPH LOPALO,

                               Plaintiff,

                      - v -

NYU LANGONE MEDICAL CENTER, NYU HOSPITALS
CENTER, TURNER CONSTRUCTION COMPANY,

                             Defendants.

------------------------------------------------------------------------------X

NYU LANGONE MEDICAL CENTER, NYU HOSPITALS
CENTER, TURNER CONSRUCTION COMPANY

                             Plaintiffs,

                      -against-

E-J ELECTRIC INSTALLATION COMPANY, E-J ELECTRIC
POWER, LLC

                             Defendants.
------------------------------------------------------------------------------X

E-J ELECTRIC INSTALLATION COMPANY, E-J ELECTRIC
POWER, LLC

                             Plaintiffs,

                      -against-

POSILLICO CIVIL, INC., DONALDSON INTERIOR CORP.

                             Defendants.
------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151524/2017 |
| **MOTION DATE** | 08/31/2023, 11/02/2023 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595254/2017

Second Third-Party
Index No.  595485/2021

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 145, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 190, 192, 193, 195, 196, 197, 203, 204, 205

were read on this motion to/for              SUMMARY JUDGMENT(AFTER JOINDER        .

**151524/2017   LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER**
 **Motion No.  003 004**

                 **Page 1 of 7**

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 004) 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 191, 194, 198, 199, 200, 201, 202, 206, 207, 208, 209, 210, 211, 212, 215 were read on this motion to/for       SUMMARY JUDGMENT(AFTER JOINDER       .

Plaintiff Joseph Lopalo ("Plaintiff") commenced this action alleging violations of Labor Law §§ 240(1), 241(6), and 200 arising out of injuries he sustained when he fell into a trench while working on a construction project at the NYU Langone Medical Center Kimmel Pavilion. Plaintiff was employed by E-J Electrical Installation Company as a journeyman electrician at the time of the accident. The company had been retained by the project's general contractor, defendant Turner Construction Company ("Turner"), which had been hired by defendants NYU Langone Medical Center and NYU Hospitals Center (collectively "NYU"). NYU and Turner commenced the first third party action for indemnification against E-J Electrical Installation Company and a related entity, E-J Electric Power, LLC (collectively, "E-J"), who then commenced the second third party action for indemnification against Posillico Civil, Inc. ("Posillico") and Donaldson Interior Corp. ("Donaldson"), subcontractors who performed foundation and carpentry work, respectively. All parties now move for summary judgment on all claims asserted by and against them. The motions are consolidated herein for disposition.

On February 6, 2017, the date of the accident, Plaintiff asserts he was carrying a box of supplies to an E-J electrician working in the ground floor atrium at the site. This involved walking through a door in a temporary wooden wall constructed by Donaldson and crossing a two- to five-foot deep trench dug by Posillico using an unsecured wooden plank. As Plaintiff stepped on the plank to cross the trench, it shifted under his foot, causing him to fall into the trench and sustain injuries (NYSCEF Doc. No. 180, Plaintiff EBT at 71-72). There were no railings on the sides of the plank or along the edge of the trench, nor was there caution tape in the vicinity of the trench (*id*. at 78, 80; NYSCEF Doc. No. 140).

**151524/2017 LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER**
**Motion No. 003 004**

**Page 2 of 7**

[* 2]

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Plaintiff first moves for summary judgment on his Labor Law § 240(1) cause of action. This section "places a nondelegable duty on owners, contractors, and their agents to furnish safety devices giving construction workers adequate protection from elevation-related risks" (*Hill v City of New York*, 140 AD3d 568, 569 [1st Dept 2016]). "The single decisive question is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Here, it is undisputed that Plaintiff was injured because the plank he was using shifted and caused him to fall into the trench below. This injury is squarely within the ambit of Section 240(1) as it was caused by a gravity-related risk for which insufficient protection was provided (*see Rubio v New York Proton Mgt., LLC*, 192 AD3d 438 [1st Dept 2021] [holding unsecured plywood sheet over trench inadequate and granting plaintiff summary judgment]). Plaintiff is therefore entitled to summary judgment on this claim.

Plaintiff next seeks summary judgment on his Labor Law § 241(6) cause of action. Section 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection to persons employed in . . . all areas in which

**151524/2017   LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER**
**Motion No.  003 004**

**Page 3 of 7**

3 of 7

[* 3]

construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Constr. Co.*, 91 NY2d 343, 348-349 [1998]). To establish a defendant's liability under Section 241(6), "a plaintiff must show that a specific, applicable Industrial Code regulation was violated and that the violation caused the complained-of injury" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012], citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494). Plaintiff alleges that Defendants violated Industrial Code §§ 23-1.7(b) and 1.22(b)(2).

12 NYCRR § 23-1.7(b)(i) mandates that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part." This provision is designed to protect workers "against falls from an elevated area to a lower area through openings large enough for a person to fit," including falls into an open trench (*Bell v Bengomo Realty, Inc.*, 36 AD3d 479, 480 [1st Dept 2007]). Likewise, 12 NYCRR § 23-1.22(b)(2) provides, in relevant part, that "Runways and ramps constructed for the use of persons only shall be . . . substantially supported and braced to prevent excessive spring or deflection." Here, there is no dispute that Plaintiff fell into an open trench and that the plank that covered part of the trench was unsecured. Accordingly, the Court finds that Plaintiff establishes a violation of both sections and therefore Plaintiff is entitled to summary judgment on the Section 241(6) cause of action.

Plaintiff next seeks summary judgment on his Labor Law § 200 cause of action as against Turner only. Plaintiff consents to summary judgment being granted in NYU's favor as to this cause of action (NYSCEF Doc. No. 195, ¶ 2). Section 200 codifies the common law duty of owners and general contractors to provide a safe workplace to construction site workers (*Comes v NY State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). Where the alleged injury was "caused by the manner and means of the work, including the equipment used, the owner or general

**151524/2017   LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER**
**Motion No.  003 004**

**Page 4 of 7**

contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Cappabianca*, 99 AD3d at 144). "Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*id.*).

Here, the parties agree that the injury was caused by the manner and means of the work. However, the Court finds that there is an issue of fact as to whether Turner exercised supervisory control. Turner's superintendent, Ralph Dillon, offered contradictory accounts of Turner's ability to control the work being performed in and around the trench that caused Plaintiff's injury. At his deposition, Dillon testified he and the Turner superintendents who reported to him had the authority to stop unsafe work (NYSCEF Doc. No. 133, Dillon EBT at 54-56). He stated that if he saw someone working unsafely, "I will tell them to come down out of the unsafe condition and call their Foreman immediately," and if he saw an unsafe condition, "I would cordon it off, and wait there until I can correct the situation" (*id.* at 55). Conversely, Dillon's affidavit maintains that Turner did not instruct employees of subcontractors with respect to safety practices (NYSCEF Doc. No. 151, Dillon aff ¶ 3). Kevin Grandon, the E-J supervisor who oversaw Plaintiff's work, also testified that Turner did not have the authority to direct his employees to do work (NYSCEF Doc. No. 131, Grandon EBT at 37-38).

Were the Court to find that the injury was not caused by the manner and means of the work and instead that it was caused by a dangerous condition on-site, issues of fact exist as to whether Turner had notice of the unsecured plank (Dillon aff ¶ 10; Dillon EBT at 54-56, 105). Summary judgment is therefore denied as to Plaintiff's Labor Law § 200 and common law negligence causes of action against Turner.

151524/2017   LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER
Motion No.  003 004

Page 5 of 7

NYU and Turner also seek summary judgment on their third-party claims against E-J for contractual indemnification, breach of contract for failure to procure insurance, common law indemnification, and contribution. E-J moves in turn for summary judgment dismissing these claims. Here, the indemnification provision in the subcontract between Turner and E-J specifies that E-J was to indemnify Turner and NYU for injuries "caused by, resulting from, arising out of or occurring in connection with the execution of the Work," with the work defined as "Electrical Core & Shell" (NYSCEF Doc. No. 186, E-J Subcontract). The Court finds that E-J is not contractually obligated to indemnify Turner and NYU as it did not dig the trench or lay the unsecured plank that caused Plaintiff's injury and was not performing any electrical work in or around the trench at the time of Plaintiff's injury. The claim as to breach of contract for failure to procure insurance is also dismissed as E-J submits a Certificate of Liability Insurance showing that it obtained general liability insurance for its work on the project (NYSCEF Doc. No. 187).

Finally, the common law indemnification claim against EJ is dismissed. A party is entitled to common law indemnification where it shows "(1) that it has been held vicariously liable without proof of negligence or actual supervision on its part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work" (*Naughton v City of New York*, 94 AD3d 1, 11 [1st Dept 2012], citing *McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). The record establishes that E-J was not exercising actual supervision or control over the injury-producing work. Here, Plaintiff's injury arose out of the work taking place in the trench. E-J was not participating in the duct work in the trench into and was not working in trench's vicinity at the time Plaintiff fell into it (Grandon EBT at 73, 43-44). Furthermore, E-J was not negligent in relation to Plaintiff's

**151524/2017 LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER**
**Motion No. 003 004**

**Page 6 of 7**

6 of 7

[* 6]

injury as it did not create a dangerous condition by digging the trench, failing to place warnings about the trench, erecting the temporary wall, or placing the unsecured plank over the trench.

As the first third party action is dismissed in its entirety, the indemnification claims between E-J, Posillico, and Donaldson in the second third party action are in turn dismissed.

Accordingly, it is hereby:

ORDERED that Plaintiff's motion for summary judgment is granted with respect to the Labor Law §§ 240(1) and 241(6) causes of action and denied with respect to the Labor Law § 200 and common law negligence causes of action; and it is further

ORDERED that NYU and Turner's motion for summary judgment is granted to the extent that Plaintiff's Labor Law § 200 and common law negligence causes of action are dismissed as to NYU and the Second Third-Party Complaint is dismissed in its entirety; and it is further

ORDERED that E-J's motion for summary judgment dismissing the First Third-Party Complaint is granted in its entirety; and it is further

ORDERED that all other relief sought is denied.

This constitutes the Decision and Order of the Court.

| **6/7/2024** | | | | | |
| --- | --- | --- | --- | --- | --- |
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**151524/2017   LOPALO, JOSEPH vs. NYU LANGONE MEDICAL CENTER**
**Motion No.  003 004**

**Page 7 of 7**

[* 7]