Moises-Ortiz v FDB Acquisition LLC (2025 NY Slip Op 05746)

Moises-Ortiz v FDB Acquisition LLC

2025 NY Slip Op 05746

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Kapnick, Gesmer, Hagler, JJ. 

Index No. 152869/17|Appeal No. 4782|Case No. 2024-05224|

[*1]Jose Moises-Ortiz et al., Plaintiffs-Appellants-Respondents,
v
FDB Acquisition LLC, et al., Defendants-Respondents-Appellants. SAAB Management, Inc., Defendant.
FDB Acquisition LLC, et al., Third-Party Plaintiffs-Respondents- Appellants,
v
RNC Industries, LLC, Third-Party Defendant-Respondent- Appellant. [And Other Third-Party Actions]

The Law Office of Michael J. Prisco, Massapequa (Michael J. Prisco of counsel), for appellants-respondents.
Manning Gross & Massenburg LLP, New York (Christian H. Gannon of counsel), for FDB Acquisition, LLC and Pav-Lak Contracting Inc., respondents-appellants.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for RNC Industries, LLC, respondent-appellant.

Order, Supreme Court, New York County (Gerald Lebovitz, J.), entered on or about July 31, 2024, which denied plaintiffs' motion for summary judgment on their Labor Law § 240(1) claim, sua sponte granted summary judgment dismissing that claim, denied plaintiffs' motion for summary judgment on their Labor Law § 241(6) claim predicated on Industrial Code § 23-1.7(a)(1), granted plaintiffs' motion on their Labor Law § 241(6) claim predicated on Industrial Code § 23-4.1, and denied third-party defendant RNC Industries, LLC's (RNC) motion for summary judgment dismissing plaintiffs' lost earnings claim, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on their Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Defendant FDB Acquisition LLC was the owner of a construction project that involved demolition of the existing building and replacing it with a two-story property. Defendant Pav-Lak Contracting, Inc. was the construction manager of the project and subcontracted foundation work to third-party defendant RNC. Because the site had been excavated below the grade of the adjacent building, the plan called for work to underpin and support the neighbor's foundation. Plaintiff Mr. Ortiz, an employee of RNC, was engaged in that work when he was struck by a large piece of concrete that had come loose from the adjacent building's newly exposed faÇade.
Contrary to defendants' position, the event was foreseeable, rendering Labor Law § 240(1) applicable and summary judgment on that claim appropriate (see Mena v 485 Seventh Ave. Assoc. LLC, 199 AD3d 420, 421 [1st Dept 2021]; Sinchi v HWA 1290 III LLC, 184 AD3d 408, 408-409 [1st Dept 2020]; Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494 [1st Dept 2014]). Whether the collapse of a permanent structure is foreseeable is analyzed "not in a strict negligence sense, but in the sense of foreseeability of exposure to an elevation-related risk" (Garcia, 113 AD3d at 495). Here, the possibility of insecurity in the foundation developing after adjacent demolition was well known to defendants, as evinced by the need for a support plan in the first instance. As noted by an expert engaged by defendants themselves in earlier motion practice, photographs of the faÇade showed poorly consolidated and deteriorated concrete with numerous voids, obvious discontinuities, several cold unbonded joints, and the appearance of having been constructed without steel reinforcing bars. It was thus foreseeable that the newly exposed and unsupported wall, or a portion thereof, would fail.
Moreover, plaintiffs established that Mr. Ortiz's injuries were caused by the lack of any safety device of the kind enumerated in Labor Law § 240(1) to secure the neighboring foundation. Plaintiffs' expert established that defendants failed to properly underpin the foundation of the adjoining building by bracing and shoring the "poor conditions of the concrete and the obvious presence of cold joints within the excavated pins of the underpinning work." Although defendants' expert reached a different conclusion, his affidavit is conclusory and fails to adequately explain why he found that "there are no known safety devices as described in [§ 240(1)] that the plaintiff could have used to help him in this particular scope of work." Misseritti v Mark IV Constr. Co. (86 NY2d 487 [1995]), relied upon by the motion court, is distinguishable. There, the Court of Appeals construed the term "braces" referred to in Labor Law § 240(1) to mean "those used to support elevated work sites, not braces designed to shore up or lend support to a completed structure" (id. at 491). The Court concluded that decedent's injury was not covered by the Labor Law because he sustained injuries from a completed, concrete firewall and was not working at an elevated level at the time of the accident (see id.) By contrast here, plaintiff was working in an excavated site at a level below the foundation of the adjacent building, when a concrete block dislodged and fell on him. The excavation was part of an ongoing underpinning plan to protect the adjacent building's foundation. The neighboring foundation was, therefore, "'an object that required securing for the purposes of the undertaking'" (Purcell v Visiting Nurses Found. Inc., 127 AD3d 572, 574 [1st Dept 2015], quoting Outar v City of New York, 5 NY3d 731, 732 [2005]).
The grant of summary judgment in favor of plaintiffs on their Labor Law § 240(1) claim renders the issue of liability on their Labor Law § 241(6) claim academic (see e.g. Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]; Howard v Turner Constr. Co., 134 AD3d 523, 524 [1st Dept 2015]).
The motion court correctly found that RNC failed to establish as a matter of law that plaintiff could not seek lost wages (see Balbuena v IDR Realty LLC, 6 NY3d 338, 360 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025