■ JOHN MCCARTHY et al., Respondents, v TURNER CONSTRUCTION, INC., Defendant, JOHN GALLIN & SON, INC., Appellant, and BOSTON PROPERTIES, INC., et al., Respondents. JOHN GALLIN & SON, INC., Third-Party Plaintiff-Appellant, v LINEAR TECHNOLOGIES, INC., Third-Party Defendant-Respondent-Appellant. LINEAR TECHNOLOGIES, INC., Second Third-Party Plaintiff-Respondent-Appellant, v SAMUELS DATACOM, LLC, Second Third-Party Defendant-Respondent-Appellant. [859 NYS2d 648]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 24, 2007, which, to the extent appealed from, granted plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1), denied defendants' motions for summary judgment dismissing the Labor Law § 240 (1) claim, granted conditional summary judgment to defendant/third-party plaintiff John Gallin & Son, Inc. on its claim for contractual indemnification against third-party defendant/second third-party plaintiff Linear Technologies, Inc., granted summary judgment to Linear on its claim for contractual indemnification against second third-party defendant Samuels Datacom, LLC, and denied Samuels' motion for summary judgment dismissing Linear's claims against it for contractual indemnification and breach of contract, unanimously affirmed, without costs.

Plaintiff was injured when the unsecured ladder he was standing on to drill holes in a ceiling tipped over and he fell to the floor (*see Rieger v 303 E. 37 Owners Corp.*, 49 AD3d 347 [2008]; *Peralta v American Tel. & Tel. Co.*, 29 AD3d 493 [2006]). Plaintiff was not required to show that the ladder was defective

in some way as part of his prima facie case for summary judgment. "It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 290-291 [2002]). As the failure to provide such safety devices was a proximate cause of plaintiff's accident, the arguments that plaintiff was the sole proximate cause of the accident and that he was a recalcitrant worker are without merit (*see id.* at 291; *Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 39 [2004]). The apprentice electrician working with plaintiff is not a safety device contemplated by the statute. Nor, even if plaintiff had disobeyed an instruction to have the apprentice hold the ladder steady for him, would the owners' and general contractor's liability for failing to provide adequate safety devices be reduced (*see Stolt v General Foods Corp.*, 81 NY2d 918 [1993]).

The contractual provision by which Linear agreed to indemnify Gallin plainly contemplates a showing of negligence by Linear or its agents or subcontractors. However, it has not been established that either Linear or its subcontractor, Samuels, was negligent.

The provision in the purchase order by which Samuels agreed to indemnify Linear unambiguously provides for indemnification from all liability arising from the work (*see Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 432 [2005]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ. [*See* 2007 NY Slip Op 31325(U).]