■ Luis Caceres et al., Appellants, v Standard Realty Associates, Inc., et al., Respondents. (And a Third-Party Action.) [15 NYS3d 338]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 12, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the issue of liability on the Labor Law § 240 (1) claim, reversed, on the law, without costs, and the motion granted.

Plaintiffs Luis Caceres and Maria Caceres, suing derivatively, commenced this action for personal injuries Luis Caceras sustained on August 3, 2009, when, standing on an A-frame ladder framing a wall in a bedroom to make a closet, he fell. The framing work required plaintiff to install a metal stud every 16 inches on center into the header of the frame of a 9-to-10-foot ceiling. After he had affixed the first two metal studs into the header, using an electric drill to screw them in, his helper was called away by the supervisor. No one else came over to assist him after the helper left, and he did not ask anybody else to come and assist him, because "[t]here was no one else at that moment." Plaintiff moved the ladder over to the third stud and climbed up; he stood on the ladder, facing the stud, with both feet on the fourth step of the ladder. Plaintiff was holding his electric drill in his right hand and the metal stud he was affixing in his left hand. As plaintiff tried to reach around the stud with his right hand to install the screw into the header channel, he lost his balance and fell to the floor. The accident happened about five minutes after plaintiff's helper had been called away.

Supreme Court erred in denying plaintiffs' motion for summary judgment against defendants on the cause of action alleging a violation of Labor Law § 240 (1). The dissent mischaracterizes the majority's position. We do not simply hold that "a plaintiff-worker's testimony that he fell from a non-defective

ladder while performing work . . . alone establish[es] liability under Labor Law § 240 (1)." Rather, it is undisputed that no equipment was provided to plaintiff to guard against the risk of falling from the ladder while operating the drill, and that plaintiff's coworker was not stabilizing the ladder at the time of the fall. Under the circumstances, we find that plaintiff's testimony that he fell from the ladder while performing drilling work established prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) claim (*see Ross v 1510 Assoc. LLC*, 106 AD3d 471 [1st Dept 2013]; *McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [1st Dept 2008]). In response, defendants failed to raise a triable issue of fact concerning the manner in which the accident occurred or whether the A-frame ladder provided adequate protection. Their arguments that plaintiff caused his own injuries, by allegedly placing himself in a position where he had to lean and reach around the side of the ladder to fix the wall stud, at most establish comparative negligence, which is not a defense to a Labor Law § 240 (1) claim (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). Concur—Renwick, Manzanet-Daniels and Gische, JJ.

Sweeny, J.P., and Saxe, J., dissent in a memorandum by Saxe, J., as follows: The majority has failed to acknowledge an incontrovertible principle of Labor Law jurisprudence: that a plaintiff-worker's testimony that he fell from a non-defective ladder while performing work does not alone establish liability under Labor Law § 240 (1) (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288 [2003]). The *Blake* Court explained that a plaintiff *is* entitled to "a presumption that the ladder or scaffolding device was not good enough to afford proper protection" where "ladders or scaffolds . . . *collapse or malfunction for no apparent reason*" (1 NY3d at 289 n 8 [emphasis added and citation omitted]). But, this is not that case; the ladder certainly did not collapse, nor is it apparent that it even can be said to have malfunctioned.

The case of *Ross v 1510 Assoc. LLC* (106 AD3d 471 [1st Dept 2013]), relied on by the majority, affirmed a grant of summary judgment to the plaintiff on his Labor Law § 240 (1) claim where he fell from an A-frame ladder that was provided for his use, but the ladder had "shifted *because of the unevenness of the floor*" (*id.* at 471 [emphasis added]). Although the ladder itself was not defective, it had provided the plaintiff there with insufficient protection since an uneven floor could render an ordinary A-frame ladder inadequate, lacking any means of adjustment to account for the unevenness.

It is true that this Court has awarded summary judgment for workers' falls from non-defective A-frame ladders based on their being "unsecured" (*see e.g. McCarthy v Turner Constr., Inc.*, 52 AD3d 333 [1st Dept 2008]). However, plaintiff's showing failed to establish as an undisputed fact that a device could have been used to secure the ladder to something stable, or to prevent it from tipping, and that such a device would have protected him.

On the contrary, his own deposition testimony created triable issues of fact as to whether the ladder from which he fell lacked adequate safety devices that would have prevented him from falling while he was performing the assigned framing work (*see Campise v Cohen*, 302 AD2d 332 [1st Dept 2003]). He acknowledged that the ladder's bracing mechanisms were secured, and that it had rubber feet that were not slippery; there was no indication that any condition of the floor contributed to his accident. Although plaintiff testified that while he was standing on the fourth rung of a six-foot A-frame ladder, it began to tip over causing him to lose his balance and fall, he also stated that the feet of the ladder did not move before he lost his balance, and that he and the ladder fell at the same time. Under such circumstances, summary judgment should be denied (*see e.g. Campos v 68 E. 86th St. Owners Corp.*, 117 AD3d 593, 594 [1st Dept 2014]).

Plaintiff's reliance on *Bland v Manocherian* (66 NY2d 452 [1985]) is misplaced. In *Bland*, as opposed to this case, there were affirmed findings of fact after trial that the ladder from which plaintiff fell "was not placed so as to give proper protection and that the improper placement was a proximate cause of the accident" (*Bland* at 460 [internal quotation marks omitted]).

Triable issues of fact also exist as to whether the manner in which plaintiff performed his work was the sole proximate cause of the accident. There is evidence that plaintiff placed the ladder in a position where he had to lean and reach around the side of it to affix the wall stud, while holding and applying pressure to the drill and the stud (*see Santiago v Fred-Doug 117, L.L.C.*, 68 AD3d 555, 556 [1st Dept 2009]).

Therefore, I would affirm the motion court's denial of partial summary judgment on plaintiff's Labor Law § 240 (1) claim.