Pierrakeas v 137 E. 38th St. LLC (2019 NY Slip Op 08539)





Pierrakeas v 137 E. 38th St. LLC


2019 NY Slip Op 08539


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10451 157414/14

[*1] Vasilios Pierrakeas, Plaintiff-Respondent,
v
137 East 38th Street LLC, Defendant-Appellant.


Carol R. Finocchio, New York, for appellant.
Bisogno & Meyerson, LLP, Brooklyn (Elizabeth Mark Meyerson of counsel), for respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered February 5, 2019, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Whether plaintiff slipped from the rung of the ladder or the ladder tipped over as he sought to steady himself while descending it, plaintiff's testimony established prima facie that defendant failed to provide a safety device to insure that the ladder would remain upright while plaintiff used it to perform his statutorily covered work; plaintiff was not required to show that the ladder was defective (Labor Law § 240[1]; see e.g. Fletcher v Brookfield Props., 145 AD3d 434 [1st Dept 2016] [plaintiff not required to demonstrate that unsecured ladder that kicked out while he descended it was defective]; Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 433-34 [1st Dept 2015] [liability under Labor Law § 240(1) established where plaintiff fell from non-defective ladder not being held steady by coworker], appeal dismissed 26 NY3d 1021 [2015]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 290-291 [1st Dept 2002] [liability established where plaintiff showed absence of safety devices to prevent ladder from slipping or plaintiff from falling; no need to show ladder was defective]).
In opposition, defendant failed to raise an issue of fact as to whether plaintiff's placement of the ladder where he could fall or step onto a stack of sheetrock was the sole proximate cause of his accident, since it presented no evidence that the appropriate equipment was available to plaintiff (see Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 402-403 [1st Dept 2013]). Moreover, because plaintiff established that defendant failed to provide an adequate safety device to protect him from elevation-related risks and that that failure was a proximate cause of his injuries, any negligence on plaintiff's
part in placing the ladder near the sheetrock is of no consequence (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK