Sanchez v MC 19 E. Houston LLC (2023 NY Slip Op 02397)

Sanchez v MC 19 E. Houston LLC

2023 NY Slip Op 02397

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Webber, J.P., Gesmer, González, Scarpulla, Mendez, JJ. 

Index No. 27202/17E Appeal No. 165 Case No. 2022-00359 

[*1]Julio Sanchez, Plaintiff-Respondent,
v
MC 19 East Houston LLC, et al., Defendants-Appellants.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellants.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 10, 2022, which granted plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiff established entitlement to partial summary judgment on his Labor Law § 240(1) claim through his testimony that he was carrying eight rolls of wire up an unsecured and temporary wooden ladder when the ladder suddenly shifted to the right and slid down (see Rom v Eurostruct, Inc., 158 AD3d 570, 570 [1st Dept 2018]). According to plaintiff, the movement of the ladder caused him to slip and fall to the ground (see id.).
In opposition, defendants failed to raise a triable issue of fact. Although defendants submitted an unsworn accident report prepared by the site-safety manager which was purportedly based on a conversation with plaintiff, the report noted that plaintiff was on the ladder when he slipped on one of the rungs, and therefore did not contradict plaintiff's testimony that he slipped and fell because the ladder suddenly moved (see id. at 570-571). While plaintiff admitted signing a document before leaving work, he stated that he did not read or understand it because it was in English. Defendant presented no evidence that the site safety manager spoke the same language as plaintiff or used an interpreter when speaking with plaintiff.
Similarly, an email sent to plaintiff's employer from the project manager employed by defendant Triton Construction Company stated that plaintiff slipped off a ladder; this statement also did not contradict plaintiff's account, which was consistent from the time of the accident onward. In any event, the email constituted inadmissible hearsay since the project manager did not speak to plaintiff or hear the conversation between plaintiff and the site safety manager.
As to the photographs of the ladders submitted with defendants' opposition papers, those photographs were not authenticated by any witness (cf. Cordova v 653 Eleventh Ave. LLC., 190 AD3d 637, 638 [1st Dept 2021]). Moreover, Triton's project manager did not testify that the condition of the ladders in the photographs was the same as the condition of the ladder plaintiff was using at the time of the accident.
Finally, that plaintiff was carrying rolls of wire in his hand while on the ladder establishes at most comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 434 [1st Dept
2015], appeal dismissed, 26 NY3d 1021 [2015]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023