## Vanegas v 45-18 LLC

2024 NY Slip Op 32302(U)

July 8, 2024

Supreme Court, New York County

Docket Number: Index No. 155614/2021

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. DAVID B. COHEN                    PART    58

*Justice*

---------------------------------------------------------------------------------X

FABIAN VANEGAS,

Plaintiff,

- v -

45-18 LLC, 45-18 RIVERSIDE LLC, 45-18 COURT
SQUARE OWNER, L.L.C., 45-18 COURT SQUARE, LLC,
and PAVARINI MCGOVERN, LLC,

Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155614/2021 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 81, 83, 85, 86, 87, 88

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 74, 80, 82, 84, 89, 90, 91, 92, 93, 94

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law action, plaintiff moves (Seq. 001), pursuant to CPLR 3212, for summary judgment against defendants 45-18 LLC, 45-18 Riverside LLC, 45-18 Court Square Owner, L.L.C., and Pavarini McGovern, LLC (Pavarini) (collectively, defendants) on the issue of liability under Labor Law § 240(1). Plaintiff discontinued this action as against defendant 45-18 Court Square, LLC in October 2021 (NYSCEF Doc No. 20).

Defendants move (Seq. 002), pursuant to CPLR 3212, for summary judgment against third-party defendant Midre Contracting Corp. (Midre) on their claim for contractual indemnification, and summary judgment dismissing plaintiff's claims of common-law negligence and violations of Labor Law §§ 200 and 241(6). Midre cross-moves for summary judgment dismissing defendants' third-party complaint.

[* 1]

I.  Factual and Procedural Background

This case arises from an incident on April 29, 2021, in which plaintiff was allegedly injured after falling off of a ladder while working at a building located at 45-18 Court Square in Queens (the premises) (Doc No. 56).  It is undisputed that 45-18 LLC, 45-18 Riverside LLC, and 45-18 Court Square Owner LLC owned the premises, and that Pavarini was the general contractor for the construction project that took place there (Doc Nos. 51 and 71).  Plaintiff commenced this action against defendants alleging claims of common-law negligence ad violations of Labor Law §§ 200, 240(1), and 241(6) (Doc No. 56).  Defendants joined issue by their answer dated September 2, 2021, denying all substantive allegations of wrongdoing and asserting various affirmative defenses (Doc No. 57).  Shortly thereafter, defendants commenced a third-party action against Midre asserting claims for contractual indemnification, common-law indemnification, contribution, and breach of contract (Doc No. 41), and Midre subsequently joined issue (Doc No. 42).

Plaintiff now moves for partial summary judgment on his Labor Law § 240(1) claim (Doc No. 54), which defendants and Midre oppose (Doc Nos. 76 and 85).  Defendants move for summary dismissal of plaintiff's remaining common-law negligence and Labor Law claims, and for summary judgment against Midre on their contractual indemnification claim (Doc No. 37), which plaintiff does not oppose.  Midre opposes defendants' motion and cross-moves for summary dismissal of the third-party complaint (Doc No. 89).

*A.  Deposition Testimony of Plaintiff (Doc Nos. 61-62)*

At his deposition, plaintiff testified that he was employed by third-party defendant Midre and working on the premises on the date of his accident.  He was given instructions by his

supervisor, who was the only person from whom he received instructions.[1] He was not given any safety equipment and was not wearing any on that day, the only item provided to him was a 12-foot, A-frame ladder owned by Midre.

On the date of the accident, plaintiff, his supervisor, and one of plaintiff's coworkers were repairing a valve inside a series of pipes located on the roof of the premises. Plaintiff retrieved one of the ladders, set it up near the pipes, and inspected it to make sure it was fully secured and placed on a level surface. He ascended one side of the ladder while his coworker sat atop it; his supervisor was on a second ladder nearby. After plaintiff's supervisor and his coworker removed several screws securing the valve to one of the pipes, plaintiff and his coworker began moving the pipe. To apply more force to the pipe, they braced it with a long metal tube given to them by the supervisor. Although using the tube was not the usual method for this work, and plaintiff stated that he did not want to perform the work in that manner, he was instructed by his supervisor to do so.

As plaintiff pulled on the tube, his coworker pushed on it simultaneously to move the pipe. The tube slipped suddenly, causing plaintiff to lose his balance and fall off the ladder to the ground below. After he hit the ground, the tube landed directly on his knee and he lost consciousness. He regained consciousness and spoke to his supervisor, who completed an accident report, although plaintiff stated that he never saw the report, nor signed it.

### B. Deposition Testimony of Plaintiff's Supervisor (Doc No. 64)

At his deposition, plaintiff's supervisor corroborated portions of plaintiff's testimony. Plaintiff's injury occurred while the three of them were attempting to attach a valve to one of the pipes. Plaintiff and plaintiff's coworker were on one ladder while he was on another. He inspected

---

[1] Plaintiff explicitly stated that nobody from 45-18 LLC, 45-18 Riverside LLC, and 45-18 Court Square Owner, L.L.C. supervised his work.

[* 3]

both ladders and deemed them okay to use for the job. Plaintiff was responsible for holding the pipe in place while the coworker and supervisor inserted a pair of screws. To apply more force, plaintiff was instructed to use a metal tube. Suddenly, plaintiff lost his balance on the ladder and fell to the ground. The metal tube then struck him while he was on the ground.

Plaintiff's supervisor was the only person supervising the work and he determined how the work was performed. Ladders were the most appropriate way to perform the work required in that area of the roof because there was limited space that prevented scaffolds and lifts from being used, although scaffolding may have been possible. There were no safety devices that could have been used and there was no area to tie off with any type of safety harness or lifeline. According to him, "there was no need to use any kind of protection equipment" (Doc No. 64 at 41). There was an elevator lift in a different area of the roof, but that was only used to bring materials up to the roof.

### C. Deposition Testimony of Pavarini (Doc No. 63)

One of Pavarini's superintendents confirmed that it hired Midre to perform HVAC work on the project. The superintendent was responsible for coordinating the work performed, monitoring the progression of the project, and the overall safety of the premises, for which he had authority to stop unsafe work. However, any individual subcontractors were responsible for the means and methods of their specific work. He did not witness the accident and no accident report was generated. The only item resembling an accident report was an email on the date of the accident from plaintiff's supervisor to one of the superintendent's coworkers, which contained pictures of the area where the accident occurred and an explanation that plaintiff was injured after he fell off a ladder and one of his legs was struck by a pipe.

### D. Contract Between 45-18 Court Square Owner, L.L.C. and Pavarini (Doc No. 65)

Pursuant to the contract, Pavarini was responsible for "administer[ing], manag[ing], supervis[ing], direct[ing], coordinat[ing] and caus[ing] the proper and efficient performance . . . of all work, labor, materials, equipment, [and] tools" required for the project. Pavarini also retained "control over construction means, methods, techniques, sequences[,] and procedures" for the work performed.

## II. Legal Analysis and Conclusions

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff contends that he has made a prima facie case showing that defendants violated Labor Law § 240(1) and that such a violation proximately caused his injuries because defendants failed to provide him with a safety device such as a harness or lifeline that would have prevented him from falling off the ladder. Defendants and Midre argue in opposition that plaintiff has not demonstrated that a statutory violation occurred because the ladder was neither defective nor improperly secured, and a ladder was adequate for the work performed. Midre also argues that questions of fact exist regarding whether a statutory violation occurred.

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). However, "[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of [the statute]" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury"

(*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Here, plaintiff has made a prima facie showing that the statute was violated and that such violation caused his injuries. The testimony from plaintiff and plaintiff's supervisor demonstrates that plaintiff was not provided with any safety devices to protect him from a fall. The only item provided to him was an A-frame ladder, which was an inadequate safety device for the work plaintiff performed (*see Diming Wu v. 34 17th St. Project LLC*, 200 AD3d 508, 509 [1st Dept 2021] [finding plaintiff made prima facie showing because A-frame ladder was inadequate safety device]; *Nieto v CLDN NY LLC*, 170 AD3d 431, 432 [1st Dept 2019] [similar]).

Defendants fail to satisfy their shifted burden of demonstrating questions of fact exist. There is no evidence to contradict "the manner in which the accident occurred or whether the A-frame ladder provided adequate protection" (*Caceres v Standard Realty Assoc., Inc.*, 131 AD3d 433, 433 [1st Dept 2015] [granting plaintiff partial summary judgment where he fell from a ladder because defendants failed to raise triable issues of fact], *appeal dismissed* 26 NY3d 1021 [2015]). Therefore, plaintiff is entitled to judgment as a matter of law on the issue of liability under Labor Law § 240(1) (*see id.*).

## B. Defendants' Motion for Summary Judgment

Based on plaintiff's failure to oppose the branch of defendants' motion seeking summary dismissal of his claims of common-law negligence and violations of Labor Law §§ 200 and 241(6), that branch of the motion is granted without opposition.

The branch of defendants' motion seeking summary judgment against Midre on their contractual indemnification claim is deemed withdrawn, pursuant to the stipulation of discontinuance dated November 2, 2023 (NYSCEF Doc No. 96).

[* 6]

*C. Midre's Cross-Motion for Summary Dismissal of the Third-Party Complaint*

Midre's cross-motion was also covered by the November 2023 stipulation of discontinuance and is deemed withdrawn.

Accordingly, it is hereby:

ORDERED that plaintiff's motion (Seq. 001) for summary judgment against defendants 45-18 LLC, 45-18 Riverside LLC, 45-18 Court Square Owner, L.L.C., and Pavarini McGovern, LLC on the issue of liability under Labor Law § 240(1) is granted; and it is further

ORDERED that the motion (Seq. 002) by defendants 45-18 LLC, 45-18 Riverside LLC, 45-18 Court Square Owner, L.L.C., and Pavarini McGovern, LLC is decided as follows:

- the branch of the motion seeking summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241(6) claims is granted;

- the branch of the motion seeking summary judgment against third-party defendant Midre Contracting Corp. on their contractual indemnification claim is deemed withdrawn; and it is further

ORDERED that the cross-motion (Seq. 002) by third-party defendant Midre Contracting Corp. for summary judgment dismissing the third-party complaint is deemed withdrawn; and it is further

ORDERED that the claims by plaintiff against defendants 45-18 LLC, 45-18 Riverside LLC, 45-18 Court Square Owner, L.L.C., and Pavarini McGovern, LLC for common-law negligence and violations of Labor Law §§ 200 and 241(6) are severed and dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B), and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Case* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the parties are to appear for a settlement/trial scheduling conference in person at 71 Thomas Street, Room 305, on September 25, 2024, at 9:30 a.m.

20240708073137DSC0HENF86803B5D6704624B535057CAC3FBE31

| 7/8/2024 | | | | | | |
|----------|--|--|--|--|--|--|
| **DATE** | | | | **DAVID B. COHEN, J.S.C.** | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 8]