**Urgiles v Flagg Ct. Owners Corp.**

2024 NY Slip Op 34527(U)

December 30, 2024

Supreme Court, New York County

Docket Number: Index No. 154649/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**       PART        47

*Justice*

-------------------------------------------------------------------------------X

DARWIN URGILES, ILEANA ROMERO,

                 Plaintiffs,

- v -

FLAGG COURT OWNERS CORP.,

                 Defendant.

-------------------------------------------------------------------------------X

FLAGG COURT OWNERS CORP.

                 Plaintiff,

-against-

SKYLINE RESTORATION INC.

                 Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154649/2020 |
| MOTION DATE | 02/19/2024, 02/20/2024, 04/10/2024 |
| MOTION SEQ. NO. | 001 002 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595814/2020

The following e-filed documents, listed by NYSCEF document number (Motion 001) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 111, 144, 145, 146, 153, 183, 189, 192, 197, 208, 209

were read on this motion to/for                JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 184, 186, 190, 193, 198, 206

were read on this motion to/for                JUDGMENT - SUMMARY       .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 147, 185, 191, 194, 195, 196, 199, 207, 210, 211, 212

were read on this motion to/for                DISMISS       .

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**       **Page 1 of 16**
**Motion No.  001 002 004**

1 of 16

[* 1]

This is an action to recover damages for personal injuries allegedly sustained by a construction worker who fell from an unsecured extension ladder. Plaintiff[1] moves pursuant to CPLR § 3212 for summary judgment on his cause of action for violation of Labor Law § 240(1) (MS #1); third-party defendant Skyline Restoration Inc. (Skyline) moves for leave to amend its answer, for summary judgment dismissing defendant Flagg Court Owners Corp.'s (Flagg) third-party complaint against it, and for summary judgment dismissing plaintiff's Labor Law §§ 200, 240(1) and 241(6) causes of action (MS #2); and Flagg moves for summary judgment dismissing plaintiff's common law negligence and Labor Law §§ 200, 240(1) and 241(6) claims, and for summary judgment on its contractual indemnity claim against Skyline (MS #4).

## BACKGROUND

Flagg owned the apartment complex located at 160 East 72nd Street, Brooklyn NY 11209 (the building), where plaintiff's accident occurred (NYSCEF Doc No 78, p. 12). Flagg hired Skyline, plaintiff's employer, to remove and replace the brick façade of the building (the project) (NYSCEF Doc No 37). Skyline in turn hired subcontractors, including Pinaster Corp. (Pinaster) (NYSCEF Doc No 39).[2]

On July 1, 2019, a foreman named Carlos instructed plaintiff to install an exterior window to the building (NYSCEF Doc No 73). The window installation materials were stored inside a metal container that was approximately 8.5 feet tall and 20 feet long, except for metal "cappings," which were stored on the roof of the container (NYSCEF Doc No 79, pp. 89-93). In order to access the cappings, workers were permitted to climb to the roof of the container via an extension ladder, as long as another worker was there to hold the ladder steady (*id.* at 113-14).

---

[1] For the purposes of this decision and order, "plaintiff" shall refer to plaintiff Darwin Urgiles. Plaintiff Ileana Romero is Darwin Urgiles's wife and seeks to recover for loss of spousal services.

[2] Pinaster was formerly named as a second third-party defendant, however, by decision and order dated July 9, 2024, the second third-party action was severed from the remainder of this action (NYSCEF Doc No 200).

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

Page 2 of 16

After finishing the window installation, plaintiff ascended the ladder—which was already leaning against the container, without a place to secure a harness—alone, and returned the leftover materials to the container (NYSCEF Doc No 75, pp. 77-79). In descending the ladder, he stepped down one rung, but the ladder suddenly slid backwards, away from the container (NYSCEF Doc No 76, pp. 120-21). Plaintiff fell, along with the ladder, to the ground, with one of his legs caught in between two rungs of the ladder (*id.* at 121-22). He suffered injuries to, *inter alia*, his right ankle, right knee, and spine (*id.* at 123-25).

Plaintiff's causes of action against Flagg are for common law negligence and violations of Labor Law §§ 200, 240(1), 240(2), 240(3), and 241(6) (NYSCEF Doc No 1). Flagg filed a third-party complaint seeking contribution and common law and contractual indemnification against Skyline (NYSCEF Doc No 12), and Skyline filed a second third-party complaint seeking the same against Pinaster (NYSCEF Doc No 26).

## DISCUSSION

Timeliness of Flagg's Motion (MS #4)

As Skyline notes, plaintiff filed the note of issue on December 22, 2023 (NYSCEF Doc No 56) and Flagg filed its motion 110 days later, on April 10, 2024 (NYSCEF Doc No 118). The parties had been instructed in several discovery conference orders to file any dispositive motions within 60 days of the filing of the note of issue (see, e.g., NYSCEF Doc No 22). However, the most recent order, dated November 16, 2023, permitted the parties to file dispositive motions within 120 days of filing the note of issue (NYSCEF Doc No 55). Accordingly, Flagg's motion is timely.

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 3 of 16**

3 of 16

Leave to Amend (MS #2)

Motions for leave to amend are "committed . . . to the sound discretion of the trial court" (*Velarde v City of New York*, 149 AD3d 457, 457 [1st Dept 2017]). "[L]eave to amend a pleading shall be freely granted absent prejudice or surprise resulting from the delay" (*Davis & Davis v Morson*, 286 AD2d 584, 585 [1st Dept 2001]; *Norwood v City of New York*, 203 AD2d 147, 148 [1st Dept 1994] ["In determining whether to grant a motion to amend an answer, the court should consider the merit of the proposed defense and whether the plaintiff will be prejudiced by the delay in raising it"]). "However, there are certain requirements which must be met as a prerequisite to granting such leave," including an "affidavit of merits containing, *inter alia*, the reasons for the delay and the facts which warrant the [amendment]" (*Briggs v N.Y. City Transit Auth.*, 132 AD2d 451, 451 [1st Dept 1987]).

Skyline moves pursuant to CPLR § 3025 to amend its answer to include an affirmative defense that plaintiff's action is barred under Workers' Compensation Law (WCL) because the Workers' Compensation Board (the board) found plaintiff to be its employee, and as such, Skyline has been obligated to pay his workers' compensation benefits. Flagg argues that Skyline's motion to amend should be denied unless the court intends to allow further discovery regarding plaintiff's employment with Skyline, as Skyline has repeatedly denied being plaintiff's employer (NYSCEF Doc No 60 ¶ 15 [Skyline's third-party complaint against Pinaster stating that "Plaintiff . . . was employed by PINASTER"]; NYSCEF Doc No 87 ["Skyline denies plaintiff is their employee and continues to maintain plaintiff was an employee of Pinaster at the time of his accident."]). Flagg avers that it will "suffer severe prejudice as it will be completely hampered in its ability to conduct discovery surrounding the issue of Plaintiff's employment,"

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 4 of 16**

which will impact its own ability to recover (NYSCEF Doc No 154). In reply, Skyline does not address Flagg's discovery concerns (NSYCEF Doc No 186).

Skyline was impleaded on October 5, 2020 (NYSCEF Doc No 12); the Workers' Compensation Law Judge determined that Skyline was plaintiff's employer on October 9, 2020 (NYSCEF Doc No 105); the board affirmed that decision on May 4, 2021 (*id.*); Skyline filed its answer on May 20, 2021 (NYSCEF Doc No 23); and plaintiff filed the note of issue on December 22, 2023 (NYSCEF Doc No 56); yet Skyline did not move to amend its answer until February 20, 2024 (NYSCEF Doc No 84). "While [the court] note[s] [its] disapproval of the unwarranted and inordinate delay by [Skyline] in not bringing this motion [] on a point of law that was available to [it] from the inception of the case, . . . a motion to amend the answer to assert such defense of workers' compensation must be granted even when first raised at this late stage" (*Caceras v Zorbas*, 148 AD2d 339, 340 [1st Dept 1989]; see also *Murray v City of New York*, 43 NY2d 400, 407 [1977] [a waiver of a defense will not occur unless the defendant ignores the issue "to the point of final disposition itself"]). However, as Flagg notes, Skyline's proposed amendment to its answer would be prejudicial to Flagg unless Flagg is given the opportunity to conduct discovery relating to Skyline and plaintiff's employer-employee relationship. In reply, Skyline does not address Flagg's discovery concerns.

Accordingly, the part of Skyline's motion that seeks leave to amend its answer will be granted, and Flagg will be permitted to conduct limited post-note discovery to confirm whether Skyline is plaintiff's employer and has paid plaintiff's workers' compensation benefits.

Plaintiff's Labor Law Claims

"It is well settled that 'the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 5 of 16**

5 of 16

demonstrate the absence of any material issues of fact'" (*Pullman v Silverman*, 28 NY3d 1060, 1062 [2016], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [internal citations omitted]). "Once such a prima facie showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to raise material issues of fact which require a trial of the action" (*Cabrera v Rodriguez*, 72 AD3d 553, 553-554 [1st Dept 2010], citing *Alvarez*, 68 NY2d at 342).

"The court's function on a motion for summary judgment is merely to determine if any triable issues exist, not to determine the merits of any such issues or to assess credibility" (*Meridian Mgmt. Corp. v Cristi Cleaning Serv. Corp.*, 70 AD3d 508, 510-511 [1st Dept 2010] [internal citations omitted]). The evidence presented in a summary judgment motion must be examined "in the light most favorable to the non-moving party" (*Schmidt v One New York Plaza Co.*, 153 AD3d 427, 428 [2017], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]) and bare allegations or conclusory assertions are insufficient to create genuine issues of fact (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*id.*).

    i.      *Labor Law § 200 and Common Law Negligence (MS #2 & MS #4)*

Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005], citing *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). It provides that worksites "shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives,

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 6 of 16**

6 of 16

health and safety of all persons employed therein or lawfully frequenting such places" (Labor Law § 200[1]).

"Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a worksite, and those involving the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d 54, 61 [2nd Dept 2008]). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (*id.*). In contrast, where the manner of work is concerned, "recovery against the owner or general contractor cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (*id.*). Further, "[a] defendant is not liable under Labor Law § 200 where the plaintiff's conduct is the sole proximate cause of the accident" (*Singh v 180 Varick LLC*, 203 AD3d 1194, 1196 [2nd Dept 2022]).

Skyline argues that plaintiff's Labor Law § 200 and negligence claims must be dismissed because plaintiff was the sole proximate cause of his accident, as "Plaintiff was specifically instructed to have a coworker hold [the] ladder at the toolbox meeting on the morning of his accident," which he failed to do (NYSCEF Doc Nos 87, 97). Flagg argues that plaintiff's Labor Law § 200 and negligence claims must be dismissed because plaintiff's accident was caused by the manner in which he performed his work, rather than a defective condition of the ladder itself, and Flagg lacked the authority to supervise and control plaintiff's work (NYSCEF Doc No 119 ["Plaintiff's instructions, material, and supervision all came from his employer (whether it be Skyline or a sub-contractor).]").

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 7 of 16**

Plaintiff's opposition to both motions is untimely and therefore will not be addressed (NYSCEF Doc Nos 198-199 [parties stipulated that opposition papers would be filed on or before July 17, 2024], 206-207 [plaintiff's opposition filed July 23, 2024]).[3] "As plaintiff has failed to overcome [Skyline's] prima facie evidence that the [plaintiff's] conduct and decisions were the sole proximate cause of the accident," and Flagg's evidence that plaintiff's work was not controlled or supervised by Flagg, "plaintiff's claims under common-law negligence and Labor Law [] § 200 . . . must [] be dismissed" (*Kerrigan v TDX Constr. Corp.*, 108 AD3d 468, 471 [1st Dept 2013]).

Accordingly, the parts of Skyline (MS #2) and Flagg's (MS #4) motions for summary judgment seeking dismissal of plaintiff's common law negligence and Labor Law § 200 causes of action will be granted.

ii.      *Labor Law § 240(1) (MS #1 & MS #2)*

Labor Law § 240(1) requires that "[a]ll contractors and owners and their agents, … furnish or erect [ladders] and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240[1]; *see also Klein v City of New York*, 89 NY2d 833, 833-34 [1996]; *Lipari v AT Spring, LLC*, 92 AD3d 502, 503-04 [1st Dept 2012]). The "failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (*Plywacz v 85 Broad St. LLC*, 159 AD3d 543, 544 [1st Dept 2018] [internal quotation marks and citation omitted]). "It is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellano v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]). A plaintiff is not required to show that the

---

[3] In any event, "Plaintiff takes no position on Defendants' motions [] insofar as predicated upon the Labor Law § 200 cause of action" (*id.*).

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**                                        **Page 8 of 16**
**Motion No.  001 002 004**

ladder was defective (*Perez v NYC Partnership Hous. Dev. Fund Co., Inc.*, 55 AD3d 419, 420 [1st Dept 2008]).

Plaintiff argues that he is entitled to summary judgment on his Labor Law § 240(1) cause of action because he fell from an elevated point due to an inadequately secured ladder (MS #1, NYSCEF Doc No 83). Skyline opposes on the grounds that "[a]n accident alone does not establish a Labor Law Section 240(1) violation" (MS #1, NYSCEF Doc No 145), and further seeks summary judgment dismissing this cause of action on the grounds that plaintiff's own negligence was the sole proximate cause of the accident, as he was provided with an adequate ladder which he simply misused by not asking a coworker to assist him (MS #2, NYSCEF Doc No 97). In support, Skyline offers the affirmation of Charles Temple, a forensic engineer who avers that "[h]ad Plaintiff used the subject ladder in a safe and proper manner," i.e., by having "one person holding the ladder at the base while the other ascended or descended the ladder" as instructed during the toolbox safety training, "the subject incident would have been prevented" (NYSCEF Doc No 107). In reply, plaintiff argues that he cannot be considered a recalcitrant worker by virtue of failing to ask a coworker to hold the ladder (MS #1, NYSCEF Doc No 208).

As noted *supra*, "Plaintiff was not required to show that the ladder was defective in some way as part of his prima facie case for summary judgment" (*McCarthy v Turner Const., Inc.*, 52 AD3d 333, 333-34 [1st Dept 2008]). Rather, "[i]t is sufficient for purposes of liability under section 240 (1) that adequate safety devices to prevent the ladder from slipping or to protect plaintiff from falling were absent" (*Orellana v 29 E. 37th St. Realty Corp.*, 292 AD2d 289, 291 [1st Dept 2002]). Here, plaintiff has demonstrated that he "was injured when the unsecured ladder he was standing on [slipped] and he fell to the [ground]" (*McCarthy*, 52 AD3d at 333).

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 9 of 16**

[* 9]

Skyline asserts that the ladder was a proper safety device that was misused when plaintiff failed to have a coworker hold it steady (*Orellana v 7 W. 34th St., LLC*, 173 AD3d 886, 887 [2nd Dept 2019] ["A plaintiff is the sole proximate cause of his or her own injuries when, acting as a 'recalcitrant worker,' he [] misuses an otherwise proper safety device"]). However, "Plaintiff's failure to ask his coworkers to hold the ladder while he worked [] did not constitute the sole proximate cause of the accident, since a coworker is not a safety device contemplated by the statute" (*Noor v City of New York*, 130 AD3d 536, 541 [1st Dept 2015] [internal quotation marks omitted]). Moreover, Skyline's "liability for failing to provide adequate safety devices [is not] reduced . . . even [if] plaintiff [] disobeyed an instruction to have [a coworker] hold the ladder steady for him" (*McCarthy*, 52 AD3d at 334; *Velaso v Green-Wood Cemetery*, 8 AD3d 88, 89 [1st Dept 2004] ["Plaintiff's use of the ladder without his coworker present amounted, at most, to comparative negligence, which is not a defense to a section 240 (1) claim"]). "As the failure to provide [a] safety device[]" which would prevent the ladder from slipping "was a proximate cause of plaintiff's accident, the arguments that plaintiff was the sole proximate cause of the accident and that he was a recalcitrant worker are without merit" (*id.*; *Velaso*, 8 AD3d at 89 ["Given an unsecured ladder and no other safety devices, plaintiff cannot be held solely to blame for his injuries"]).

Accordingly, plaintiff's motion for summary judgment on his Labor Law § 240(1) cause of action (MS #1) will be granted, and the part of Skyline's motion for summary judgment seeking to dismiss this cause of action will be (MS #2) will be denied.

iii. *Labor Law § 241(6) (MS #2 & MS #4)*

Labor Law § 241(6) provides that "[a]ll areas . . . shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 10 of 16**

10 of 16

protection and safety to the persons employed therein or lawfully frequenting such places." The obligations imposed under Labor Law § 241 are non-delegable, meaning that once a plaintiff has established a violation, he need not demonstrate that the owner or general contractor exercised supervision or control over the worksite (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). In order to state a viable Labor Law § 241 claim, a plaintiff must allege that the defendant violated a specific standard of conduct under the Industrial Code (*Toussaint v Port Auth. of N.Y.*, 38 NY3d 89, 94 [2022]).

Plaintiff's bill of particulars cites violations of Industrial Code §§ 23-1.5, 23-1.7, 23-1.15, 23-1.16, 23-1.17, and 23-1.21, "including but not limited to paragraphs" (b)(1), (b)(3)(i), (b)(4)(ii), and (b)(4)(iv) (NYSCEF Doc No 93). Skyline and Flagg argue these sections are either insufficiently specific or inapplicable to the facts. As *noted* supra, plaintiff's opposition to these motions was untimely and will not be addressed.

Industrial Code § 23-1.5 is insufficiently specific to support a Labor Law § 241(6) claim (*Cordeiro v TS Midtown Holdings, LLC*, 87 AD3d 904, 906 [1st Dept 2011]). All but one of the remaining sections are inapplicable to the facts as alleged by plaintiff: § 23-1.7 pertains to overhead hazards, falling hazards relating to dangerous openings and bridge or highway overpass construction, drowning hazards, slippery conditions (e.g., ice, snow, water, grease), and tripping hazards; § 23-1.15 sets standards for safety railings; § 23-1.16 pertains to safety belts, harnesses, and other special devices; § 23-1.17 pertains to life nets; § 23-1.21(b)(1) relates to the weight a ladder must be capable of sustaining; § 23-1.21(b)(3)(i) states that "[a] ladder shall not be used if . . . it has a broken member or part"; and § 23-1.21(b)(4)(ii) provides that "ladder footings shall be firm."

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 11 of 16**

11 of 16

However, Industrial Code § 23-1.21(b)(4)(iv) is relevant, as it provides: "When work is being performed from ladder rungs between six and 10 feet above the ladder footing, a leaning ladder shall be held in place by a person stationed at the foot of such ladder unless the upper end of such ladder is secured against side slip by its position or by mechanical means." Here, the ladder was leaning against the metal container, which was approximately 8.5 feet high, and was not secured against side slip at its upper end; therefore, it should have been held in place at its base. Skyline and Flagg argue that this section is inapplicable because "Plaintiff was specifically instructed to have a coworker hold that ladder" (NYSCEF Doc No 87). Skyline and Flagg have demonstrated that they did not violate Industrial Code § 23-1.21(b)(4)(iv), which only requires that they provide a ladder that is safe for plaintiff's use when "held in place by a person stationed at the foot of such ladder". Without an opposition, plaintiff failed to raise an issue of fact as to whether he was a recalcitrant worker by disregarding the instruction to have someone hold the base of the ladder. Therefore, plaintiff has not demonstrated that defendants committed an Industrial Code violation as a predicate for his Labor Law § 241(6) cause of action.

Accordingly, the parts of Skyline (MS #2) and Flagg's (MS #4) motions for summary judgment seeking dismissal of plaintiff's Labor Law § 241(6) cause of action will be granted.

Flagg's Indemnification Claims

Skyline moves for summary judgment (MS #2) seeking dismissal of Flagg's third-party complaint against it, which includes causes of action for (i) contribution, (ii) common law indemnification, and (iii) contractual indemnification. Flagg moves for summary judgment (MS #4) on its third cause of action for contractual indemnification.

Skyline argues that Flagg's first and second causes of action must be dismissed because Workers' Compensation Law (WCL) § 11 precludes recovery by any third person against an

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 12 of 16**

employer for contribution or indemnity "for injuries sustained by an employee acting within the scope of his employment" unless there is "a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (WCL § 11). Flagg opposes on the grounds that "Skyline has repeatedly denied that it was Plaintiff's employer and continued to do so years after the Workers' Compensation Board decision referenced in Skyline's papers," and is "currently in active litigation with Pinaster" on this issue (NYSCEF Doc No 154). Nevertheless, "no claim for [common law] indemnity or contribution may be maintained against an entity determined to be an employer by the Workers' Compensation Board except in the limited circumstances specified in Workers' Compensation Law § 11" (*Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc.*, 216 AD3d 63, 66-67 [2nd Dept 2023] [trial court inappropriately "permitted cross-claims sounding in contribution and indemnity to survive against an entity on the ground that triable issues of fact existed with respect to whether that entity was an employer, regardless of [the] Workers' Compensation Board determination on this issue"]). Therefore, the board's determination that Skyline is plaintiff's employer precludes Flagg's first and second causes of action against Skyline.

Skyline argues that Flagg's third cause of action must also be dismissed because the contract provides that Skyline "shall indemnify [Flagg] . . . from and against claims, damages, losses and expenses . . . arising out of or resulting from performance of the Work . . . only to the extent caused by the negligent acts or omissions of the Contractor" (NYSCEF Doc No 99) and Skyline was not negligent regarding plaintiff's accident. Flagg opposes and seeks summary judgment on this claim, arguing that there is no negligence trigger to Skyline's liability, and in any event, plaintiff has established Skyline's negligence in this action. Flagg notes that the

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 13 of 16**

13 of 16

[* 13]

rider—which "terms and provisions . . . shall prevail" over the main contract document—provides broadly that "[t]o the fullest extent permitted by law, Contractor shall indemnify, defend and hold harmless Owner . . . from and against any and all losses . . . arising out of, relating to or in connection with . . . any act or omission by Contractor or Contractor's Representatives in connection with the Work and any condition created thereby, arising therefrom or relating thereto" (NYSCEF Doc No 100).

As determined *supra*, plaintiff will be granted summary judgment on his Labor Law § 240(1) cause of action against Flagg. This constitutes a "liability[y]" which will be "suffered or paid" by Flagg relating to an "act or omission by Contractor or Contractor's Representatives in connection with the Work" as contemplated by the rider (*id.*). "Where an entity is held strictly liable based solely on its status as owner of the premises pursuant to Labor Law § 240 (1), as is here the case with respect to [Flagg], the owner is entitled to contractual indemnification where such has been agreed to between the parties" (*Velez v Tishman Foley Partners*, 245 AD2d 155, 156 [1st Dept 1997]). Since plaintiff's "accident came within the parameters of the broadly worded contractual indemnification agreement[, Flagg] is entitled to recover thereon irrespective of whether or not the indemnitor, [Skyline], was negligent" (*id.*).

Accordingly, the part of Skyline's motion for summary judgment seeking dismissal of Flagg's third-party complaint against it (MS #2) will be granted to the extent that Flagg's first cause of action for contribution and second cause of action for common law indemnification will be dismissed; and the part of Flagg's motion seeking summary judgment on its contractual indemnification claim against Skyline (MS #4) will be granted.

**CONCLUSION**

Based on the foregoing, it is

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 14 of 16**

14 of 16

ORDERED that the part of Skyline's motion (MS #2) seeking leave to amend its answer is granted, and the amended answer in the proposed form annexed to the moving papers (NYSCEF Doc No 108) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

ORDERED that Flagg is permitted to seek post-note discovery on the limited issue of whether Skyline is plaintiff's employer and has paid plaintiff's workers' compensation benefits; and it is further

ORDERED that the parts of Skyline (MS #2) and Flagg's (MS #4) motions for summary judgment seeking dismissal of plaintiff's common law negligence and Labor Law § 200 causes of action are granted; and it is further

ORDERED that plaintiff's motion for summary judgment on his Labor Law § 240(1) cause of action (MS #1) is granted; and it is further

ORDERED that the part of Skyline's motion for summary judgment seeking to dismiss plaintiff's Labor Law § 240(1) cause of action will be (MS #2) is denied; and it is further

ORDERED that the parts of Skyline (MS #2) and Flagg's (MS #4) motions for summary judgment seeking dismissal of plaintiff's Labor Law § 241(6) cause of action are granted; and it is further

ORDERED that the part of Skyline's motion for summary judgment seeking dismissal of Flagg's third-party complaint against it (MS #2) is granted only to the extent that Flagg's first cause of action for contribution and second cause of action for common law indemnification are dismissed; and it is further

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**

**Page 15 of 16**

ORDERED that the part of Flagg's motion seeking summary judgment on its third cause of action against Skyline for contractual indemnification (MS #4) is granted.

20241230163014PG0ETZI93978C7447D04FFE074E70CCA540B472

| 12/30/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** |

CHECK ONE: ☐ CASE DISPOSED ☒ NON-FINAL DISPOSITION

☐ GRANTED ☐ DENIED ☒ GRANTED IN PART ☐ OTHER

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

**154649/2020   URGILES, DARWIN vs. FLAGG COURT OWNERS CORP.**
**Motion No.  001 002 004**                                                                 **Page 16 of 16**

16 of 16