Suazo v 501 Madison-Sutton LLC (2025 NY Slip Op 00930)

Suazo v 501 Madison-Sutton LLC

2025 NY Slip Op 00930

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 305735/14 Appeal No. 3701 Case No. 2023-03465 

[*1]Marco Suazo, Plaintiff-Respondent,
v
501 Madison-Sutton LLC, et al., Defendants-Appellants.

Gallo Vitucci & Klar LLP, New York (James N. Drexler of counsel), for appellants.
Gorayeb & Associates, P.C., New York (John M. Shaw 0f counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered June 30, 2023, which granted plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim by his testimony that he was engaged in wall plastering work atop an A-frame ladder, that he held plaster material in one hand and his spreading knife in the other as he worked, and that the ladder suddenly toppled, causing him to fall (see e.g. Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]; Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 433-434 [1st Dept 2015], appeal dismissed 26 NY3d 1021 [2015]). Contrary to defendants' argument, none of the alleged inconsistencies in plaintiff's testimony as to the ladder's height, the ceiling height, the stability of the ladder as he stood upon it, or even whether the ladder had moved before it toppled, undermine plaintiff's proof of a prima facie case (see e.g. Ortiz v Burke Ave. Realty, Inc., 126 AD3d 577, 578 [1st Dept 2015]).
Defendants' argument that plaintiff's reaching or leaning while atop the ladder constituted the sole proximate cause of his accident is not persuasive (see Rodas-Garcia v NYC United LLC, 225 AD3d 556 [1st Dept 2024]; Caceres, 131 AD3d at 434). There was no evidence that plaintiff was reaching or leaning at the time the ladder toppled, and to assume as much would be speculative (see Ortiz, 126 AD3d at 578). In any event, it is "conceptually impossible" for a plaintiff's negligence to be the sole proximate cause of an accident where, as here, it is shown that a violation of Labor Law § 240(1) was a concurrent cause of the accident (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
As plaintiff has demonstrated entitlement to partial summary judgment on his Labor Law § 240(1) claim, the arguments as to his Labor Law § 241(6) claim need not be reached (see Ruiz v BOP 245 Park LLC, 231 AD3d 683, 684 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025